## 23684. CONOWAY *v.* THE STATE.

Decided July 3, 1934.

*R. Earl Camp, Lesler F. Watson,* for plaintiff in error.

*J. A. Merritt, solicitor-general,* contra.

MacIntyre, J. The indictment charges Isaac Conoway with the crime of assault with intent to rape, and the jury found him guilty as charged. Did the court err in overruling the motion for a new trial?

The accused was a negro. The alleged victim was a white girl thirteen years of age. Though the apparent purpose of the defendant was not accomplished, the girl testified unqualifiedly to a state of facts which made a case of assault with intent to rape, and her testimony that she scuffled with the negro and that he tore her outer clothing was supported by the physical facts of the case. Unquestionably the evidence supports the verdict.

The first special ground avers that the court erred in allowing the mother of the child to testify that her child told her that "he [the defendant] hurt her stomach, side, and leg." The objection interposed to this testimony was: "She can show the fact of complaint, but can not go into details." The court ruled that the evidence was admissible as a part of the res gestæ. The mother of the child testified in part: "Just as soon as it was done she came to the house [which appears to have been only a few hundred yards from the place where the encounter between the child and the negro took place], crying, and told me about it. She said she was hurt, her stomach, her side, and her leg. She made three complaints.

I went right down there. I tried to talk to the defendant. My girl didn't say anything in his presence. She was crying and hollering. It was about ten minutes after she left my house." "No time limit may be fixed within which said statements are admissible and beyond which they are inadmissible. The proximity of the statement 'to the alleged criminal transaction is not to be determined by mere time, but by such coherence and connection between the alleged transaction and the statement as will tend to show that in making the statement the party making it is stating truthfully, without guile, actual facts. *Lampkin* v. *State,* 87 *Ga.* 516 (13 S. E. 523) ; *Thornton* v. *State,* 107 *Ga.* 683 (33 S. E. 673). The principle that more latitude is allowed where the offended person is a child or of feeble intellect, for the reason she is not assumed to be as capable of concocting a false story as rapidly as more intelligent persons may do, is set forth in *McMath* v. *State,* 55 *Ga.* 303, and *Merritt* v. *State,* 107 *Ga.* 675 (34 S. E. 361)." *Conoway* v. *State,* 171 *Ga.* 782, 784 (156 S. E. 664). Surely the trial judge had the right to conclude that the child's statement made so shortly after the alleged transaction was "free from all suspicion of device or afterthought." Penal Code (1910), § 1024.

■ Special ground 2, complaining of the alleged improper argument of the solicitor-general, does not allege that the motion for a mistrial was overruled, and does not assign the overruling of the motion as error. The ground, therefore, is too incomplete to raise any question for the consideration of this court.

■ It appears from the third special ground that "during the progress of said trial" the solicitor-general referred to the defendant as "a fiend and a beast." The court instructed the jury "not to consider that." "The remarks of counsel made to the jury, which are complained of in the motion for a new trial, do not require the grant of a new trial, in view of the fact that no motion for a mistrial was made." *Brown* v. *State,* 150 *Ga.* 756 (3) (105 S. E. 289) ; *Ogletree* v. *State,* 40 *Ga. App.* 733 (151 S. E. 396) ; *Redd* v. *State,* 28 *Ga. App.* 483 (111 S. E. 685).

■ Special ground 4 complains of the following charge of the court: "The defendant files two defenses in this case; one is of not guilty; the other is of good character." It is averred that the charge is erroneous: (a) "Because the defendant did not file but one plea, and that was the plea of guilty." (b) Because said

charge "was calculated to impress the jury that the defendant's defenses were frivolous, and to intimate that he was pleading good character as an escape from a heinous offense." (c) "Because said charge was not true in point of fact or of law, in that the defendant filed one plea only, which was that of not guilty." A fair construction of the charge is that the defendant pleaded "not guilty," and also relied upon the defense of "good character." We hold that the charge is not susceptible to any of the foregoing criticisms. See *Jordan* v. *State,* 162 *Ga.* 277 (133 S. E. 255).

The next and last special ground, which is numbered 6, avers that the court erred in instructing the jury that in the event they found the defendant guilty they would still have the right to recommend that he be punished as for a misdemeanor. This charge is alleged to be erroneous: (a) Because "assault with intent to rape . . is not a reducible felony." (b) "Because the defendant was entitled to a correct legal charge pertaining to the offense with which he was charged." (c) "Because said charge was prejudicial to the defendant in that the court had previously charged that the minimum punishment was two years, and then later, upon a recharge as quoted above, instructed them that he could even be convicted for a misdemeanor, thereby doubtless carrying the intimation that the court thought the defendant should be convicted of some offense, whether large or small." (d) "Because said charge was confusing to the jury and no doubt misled them in connection with the other charge of the court herein quoted." It is true that assault with intent to rape is not a reducible offense. *Atkins* v. *State,* 154 *Ga.* 540 (114 S. E. 878). Had the jury returned a verdict recommending that the crime be punished as for a misdemeanor, a different question would have been presented. The charge given was erroneous, but since the jury did not follow the court's instruction and found the defendant guilty without any recommendation, we do not think the charge was harmful to the defendant. We hold that none of the assignments of error in this ground presents any cause for reversing the judgment.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*