### 26813. MUNN v. KELLIAM.

Per curiam. This appeal is from the following order of the trial court: "It appearing to the court that the movant has made no effort to perfect the record in the above captioned case or prosecute the motion for new trial filed therein in this court on March 17, 1971, and no order has been allowed or granted providing for an extension of time within which to complete the record in said case or continue the hearing on said motion, upon motion of counsel for the plaintiff, Elsie J. Munn Kelliam, it is ordered that said motion for new trial be and the same is hereby dismissed and the judgment of this court dated February 19, 1971, shall be of full force and effect." The dismissal of the motion for new trial is not enumerated as error in this court. *Held:*

The court's dismissal of the motion for new trial on the grounds stated conclusively shows an abandonment of the motion for a new trial which completely obliterates the motion for a new trial and all of its grounds and an abandonment of the motion for a new trial leaves the judgment on the verdict as the law of the case and the grounds of the motion, not ruled on, may not be enumerated as error on appeal. The rulings in *Tiller v. State,* 224 Ga. 645 (164 SE2d 137) refer to a situation entirely different from that in the instant case. There, the question dealt with was whether our appellate courts shall consider and review erroneous charges or failures to charge where there has been a substantial error in the charge which is harmful as a matter of law regardless of whether objection was made in the trial court or not. This provision of law is an exception to the general rule that to obtain a reversal in a case because of an error in a charge or a failure to charge, an exception to the charge complained of or the failure to give a request in charge, must be made in the trial court as a condition precedent to an appellate review of the question. That issue, or question, is not involved in this case and it is not authority for a contrary ruling that the judgment in this case can be reversed by this court on the enumeration of errors in a motion for a new trial which was dismissed for want of prosecution and not passed on or overruled by the trial judge.

*Judgment affirmed. All the Justices concur, except Almand, C. J., and Undercofler, J., who dissent.*

ARGUED OCTOBER 12, 1971—DECIDED NOVEMBER 19, 1971.

*Ronald C. Crawford,* for appellant.

*Robert E. Falligant, Julian H. Toporek,* for appellee.

UNDERCOFLER, Justice, dissenting. *Code Ann.* § 6-803 provides in part: "A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of . . . but when a motion for new trial, or a

motion in arrest of judgment, or a motion for judgment notwithstanding the verdict has been filed, the notice shall be filed within 30 days after the entry of the order granting, overruling, or otherwise finally disposing of the motion." Ga. L. 1965, pp. 18, 21; 1966, pp. 493, 496; 1968, pp. 1072, 1077.

The dismissal of the motion for new trial in the trial court was such an order "otherwise finally disposing of the motion" from which an appeal could be taken. The notice of appeal specifically excepted to the ruling on the motion for new trial and the enumerations of error were on the general grounds of the motion for new trial. Under the ruling in *Tiller v. State,* 224 Ga. 645 (164 SE2d 137), this court has jurisdiction to consider these enumerations of error. The dismissal of the motion for new trial did not become the law of the case here where the notice of appeal is from such order so as to preclude a determination of the enumerations of error. See in this connection, *McLendon v. State,* 123 Ga. App. 290 (180 SE2d 567), and *Denham v. Shellman Grain Elevator, Inc.,* 123 Ga. App. 569 (181 SE2d 894).

I am authorized to state that Chief Justice Almand concurs in this dissent.