### 47112. SLAY v. BRADY et al.

EBERHARDT, Presiding Judge. 1. Appellee moves to dismiss the appeal on the ground that the notice of appeal is directed to the order directing a verdict and to the overruling of a motion for new trial, and the enumeration of errors is only as to the direction of the verdict.

It is urged that the direction of the verdict is not an appealable judgment (*Hurst v. Starr,* 226 Ga. 42 (172 SE2d 604); *Allen v. Reynolds & Co.,* 123 Ga. App. 604 (181 SE2d 927)), and thus this portion of the notice of appeal should be disregarded. And further, that since there is no enumeration of error as to the overruling of the motion for new trial no question is presented for this court to consider. *Hill v. Willis,* 224 Ga. 263 (161 SE2d 281).

Until the rules of the Court of Appeals and those of the Supreme Court were amended March 2, 1972, the motion might have been good and a dismissal might have resulted. However, by Rule 14 (e) now providing that "The enumeration of errors shall be deemed to include and present for review all judgments necessary for a determination of the errors specified," the rule of *Hill v. Willis* is superseded.

There is an appeal from a final order—the overruling of the motion for new trial. It is provided in *Code Ann.* § 6-809 (d) (Ga. L. 1968, p. 1072) that the appeal is not to be dismissed "[w]here it is apparent from the notice of appeal, the record, the enumeration of errors, or any combination of the foregoing, what judgment or judgments were appealed from or what errors are sought to be asserted upon appeal, the appeal shall be considered . . ." It is clear that the error sought to be asserted and to have reviewed is the direction of the verdict.

"Under § 2 (a) of the Appellate Practice Act of 1965 as amended (Ga. L. 1966, pp. 493, 494), it is not necessary that the appellant enumerate as error the judgment overruling the motion for new trial in order to confer jurisdiction of the appeal upon this court." *State Hwy. Dept. v. Hilliard,* 114 Ga. App. 328, 329 (151 SE2d 491).

Where there has been an appeal from a final judgment, as here, a prior interlocutory ruling or judgment may be enumerated as error, and this may be done whether the final judgment is enumerated as error or not. The motion to dismiss is denied.

2. While the evidence as a whole strongly preponderates to a conclusion that the plaintiff's injury resulted from pure accident, or from her own failure to exercise ordinary care for her own safety, we cannot say that there is not some evidence under which an issue may be said to have been˙raised as to whether the defendant was negligent. Placing the construction on the evidence which we are required to do in reviewing the direction of a verdict—construing it most strongly against the prevailing party—we conclude that this matter should have been submitted to the jury.

We have read and carefully considered *Dowling v. Tracy,* 116 Ga. App. 43 (156 SE2d 524) and conclude that the evidence here and there is sufficiently different to render it inapplicable as requiring the direction of a verdict here.

A cataloging or recital of the evidence here would avail

nothing. The case must be tried again and it may be different. Moreover, a filling of the books with recitals of testimony that was delivered purely to allow a reader to see that there was some evidence under which submission to the jury was a proper course does not add to legal literature, and would be of no value as a precedent.

*Judgment reversed. Deen and Clark, JJ., concur.*

SUBMITTED APRIL 6, 1972—DECIDED APRIL 24, 1972—
REHEARING DENIED MAY 9, 1972—

*D. Robert Autrey, Jr.,* for appellant.
*Gambrell, Russell, Killorin, Wade & Forbes, Edward W. Killorin, Richard L. Stumm,* for appellees.