## 49526. RUFF v. THE STATE.

Evans, Judge.

Defendant was indicted, tried and convicted of aggravated sodomy. On February 13, 1973, he was sentenced to serve five years. Motion for new trial was filed, supersedeas granted, and defendant given until the final hearing to prepare and file the transcript. The transcript was thereafter filed on March 20, 1973. On March 29, 1974, over one year later, when his original trial defense counsel wished to withdraw the motion and his present defense counsel did not wish to pursue or argue the motion, the court held the motion for new trial was abandoned. Within 30 days of this order (April 8, 1974), defendant appeals from the judgment and sentence. No enumeration of error is raised as to the ruling on the motion for new trial. *Held:*

1. The appeal does not meet the requirements set forth in *Tiller v. State,* 224 Ga. 645 (164 SE2d 137). The ruling on the motion for new trial absolutely decides adversely to movant each and every ground of said motion for new trial, leaving the judgment on the verdict as the law of the case. See *Munn v. Kelliam,* 228 Ga. 395 (185 SE2d 766); *Hill v. Willis,* 224 Ga. 263 (4), 208 (161 SE2d 281). None of the grounds of the motion for new trial can be considered, the law of the case being established thereon.

2. The victim, age 9, advised his older sister within a few minutes after the occurrence of the criminal act what had happened to him, and repeated it to his mother when he arrived home. All of this occurred within a very few minutes of the criminal act, and was a part of the res gestae. There is no merit in the objection to the testimony of the mother and sister in this case. *Conoway v. State,* 49 Ga. App. 311 (2) (175 SE 391); *Conoway v. State,* 171 Ga. 782 (1) (156 SE 664); *Luke v. State,* 184 Ga. 551 (2) (192 SE 37); *Hooks v. State,* 215 Ga. 869 (7) (114 SE2d 6).

3. The court made a definite finding, after examination of the child, age 9, that he understood the meaning of testifying under oath. There is no merit in the complaint that the court did not so find. *Russell v. State,*

83 Ga. App. 841 (65 SE2d 264); *Ellison v. State,* 197 Ga. 129 (2) (28 SE2d 453); *Thurmond v. State,* 220 Ga. 277 (138 SE2d 372); *Turpin v. State,* 121 Ga. App. 294 (1) (173 SE2d 455); *Edwards v. State,* 226 Ga. 811 (3) (177 SE2d 668).

4. The defendant was properly identified by the victim at the trial as the person who assaulted him. In addition, there was other testimony as to his res gestae identification of the defendant as the person who committed the criminal act. It is within the discretion of the trial court to allow leading questions, if the examination was carried out by the use of leading questions. There is no merit in this complaint.

5. As to sodomy, proof of penetration is not required. Proof that the sexual act involved the sexual organs of one and the anus of another is sufficient. *Carter v. State,* 122 Ga. App. 21 (4) (176 SE2d 238). The act was shown to be against the will of the victim, hence it was an aggravated offense within the meaning of Code Ann. § 26-2002.

*Judgment affirmed. Webb, J., concurs. Pannell, P. J., concurs in the judgment only.*

Submitted July 9, 1974 — Decided September 5, 1974.

*Theodore E. Smith,* for appellant.

*Richard Bell, District Attorney, Leonard W. Rhodes, J. Ralph McClelland, III, Assistant District Attorneys,* for appellee.

