## 49988. CHECKER CAB COMPANY, INC. et al. v. FEDOR.

STOLZ, Judge.

This case arose from a collision between a motorcycle, operated by plaintiff (appellee) and an automobile owned by defendant Checker Cab Co. and operated by defendant Cuadra. The case was tried before a jury in the Fulton Superior Court, which resulted in a verdict and judgment for the plaintiff on March 6, 1974. On March 13, 1974, the defendants filed their joint motion for new trial relying on the general grounds. Annexed to the motion for new trial was an order requiring the plaintiff to show cause on May 23, 1974 at 11:00 a.m. why the motion should not be granted. On that date and time, the plaintiff's counsel appeared before the court as ordered; neither defendant nor either of their counsel did so. No reason was given to the court or opposing counsel for their failure to appear. The superior court judge then dismissed the defendants' motion for new trial for want of prosecution. On June 20, 1974, the defendants filed a notice of appeal "from the verdict and judgment entered in this action on the 6th day of March, 1974," and subsequently filed an enumeration of errors relating to specific errors which are alleged to have occurred in the trial of the case. The dismissal of the defendants' motion for new trial was not complained of in the enumeration of errors. The plaintiff moves to dismiss the appeal.

1. The foundation on which the motion to dismiss is predicated is the decision of the Supreme Court in *Hill v. Willis,* 224 Ga. 263 (4) (161 SE2d 281) (1968) and its progeny. See also *Tiller v. State,* 224 Ga. 645 (164 SE2d 137) (1968) and *Staggers v. State,* 224 Ga. 839 (165 SE2d 300) (1968). The net effect of this line of decisions was to rule that an appellant who has received an adverse ruling in the trial court on a motion for a new trial, need not specifically base the notice of appeal thereon, but must cite such ruling in the enumeration of errors. In the case before us, the appellant does not meet the requirements of the *Hill v. Willis* line of cases.

In support of the motion to dismiss, we are cited *Munn v. Kelliam,* 228 Ga. 395, 396 (185 SE2d 766) (1971),

which holds that "[t]he court's dismissal of the motion for new trial on the grounds stated conclusively shows an abandonment of the motion for a new trial which completely obliterates the motion for a new trial and all of its grounds and an abandonment of the motion for a new trial leaves the judgment on the verdict as the law of the case. . ."

However, on March 2, 1972, the Supreme Court added subsection (e) to its Rule 14, to wit, "The enumeration of errors shall be deemed to include and present for review all judgments necessary for a determination of the errors specified." This court adopted an identical rule (Rule 14 (e)) on the same date. In *Slay v. Brady,* 126 Ga. App. 249 (1) (190 SE2d 445) (1972), this court construed Rule 14 (e) to have superseded the *Hill v. Willis* rule, and the Supreme Court denied certiorari. In *Slay v. Brady,* supra, the motion for a new trial was overruled. In the case sub judice, the motion for a new trial was dismissed for want of prosecution. We recognize the difference, but overcome the temptation to strictly apply the "obliteration" rule expressed in *Munn v. Kelliam,* supra, by applying the rule expressed in the Appellate Practice Act (Ga. L. 1965, pp. 18, 40, § 23; Code Ann. § 6-905) that "this law shall be liberally construed so as to bring about a decision on the merits of every case appealed, and to avoid dismissal of any case or refusal to consider any points raised therein. . ." The motion to dismiss the appeal is denied.

2. Enumerations of error 1 and 2 relate to the way and manner in which the trial was conducted. "It is fundamental that every court possesses the inherent power to preserve and enforce order and compel obedience to its judgments and orders, to control the conduct of its officers and all other persons connected with the judicial proceedings before it. . . This court will not undertake to control the wide discretion vested in the trial court in the exercise of this fundamental power unless it is made to appear that wrong or oppression has resulted from an abuse of such discretion reposed in the court." *Jackson v. State,* 225 Ga. 553, 557(4) (170 SE2d 281) and cits. "A trial judge is given great latitude and discretion in permitting counsel to examine and lead a witness in an effort to get to

the true facts . . . and unless there has been a palpable and illegal abuse of the above discretion, resulting in prejudice and injury to the complaining party in a material manner, reversible error will not be predicated by this court upon rulings of the trial court. . ." *Hawthorne v. Pope,* 51 Ga. App. 498, 501(2) (180 SE 920). A review of the record as a whole, simply does not substantiate the defendants' complaints. In any event, whatever small irregularities might have occurred would not be sufficient to require the grant of a new trial.

3. Enumeration of error 3 cites the verdict as excessive as a matter of law. We disagree. The facts surrounding the accident were hotly disputed. To believe the defendant, was to disbelieve the plaintiff's witness and vice versa. The medical evidence showed that the plaintiff was treated by more than a dozen doctors, and was operated on for his injuries and hospitalized on three different occasions over a period of approximately two and one-half years. His total medical expenses up to the time of trial, were over $6,000. According to the treating physicians, his injuries were permanent, some of which would require future surgery. At the time of the collision, the plaintiff was 27 years of age. The evidence showed that he sustained substantial loss of earnings in addition to pain and suffering, past, present and future. The verdict and judgment were authorized by the evidence.

4. The fourth enumeration of error relates to the sufficiency of the proof of the loss incurred by the plaintiff as the result of damage to his motorcycle. The transcript reveals that the plaintiff testified without objection that in his opinion the motorcycle was worth "about seventeen hundred dollars" before the collision (T.48) and that in his opinion (unobjected to) the salvage value after the wreck was "$200 at the most." This was sufficient for the jury to make an award for the plaintiff's property damage.

5. In the fifth enumeration of error, complaint is made of the plaintiff's cross examination of the defendant regarding his treatment as a patient at Parkwood Hospital for approximately five weeks, "about a year" before the collision in question (T. 307-311). On direct examination the defendant was questioned about any physical disability, whether he was under the care of any

doctor for any physical condition, or under the influence of any drug or medicine at the time of the collision. We find no reversible error in this enumeration.

*Judgment affirmed. Deen, P. J., concurs. Evans, J., concurs in the judgment.*

ARGUED JANUARY 13, 1975 — DECIDED FEBRUARY 7, 1975 — REHEARING DENIED FEBRUARY 19, 1975 — ▮▮▮▮▮▮

*Ross & Finch, I. J. Parkerson, A. Russell Blank,* for appellants.

*Powell, Goldstein, Frazer & Murphy, Robert W. Patrick, Jr., Jerry B. Blackstock,* for appellee.