## 50550. HERRING v. HERRING.

Deen, Presiding Judge.

This garnishment was filed June 6, 1972. Plaintiff Dorothy Herring obtained judgment on June 18, 1973. The defendant William Herring filed a motion for new trial which was overruled November 11, 1973, and on November 25 he filed a notice of appeal from the judgment in the case, reciting the filing and overruling of the motion for new trial. The record was not forwarded at that time, and on February 6, 1974, he filed a motion to set aside the judgment, which was denied on May 1, 1974. The case was not docketed in this court until February 13, 1975, and contains a certificate of the clerk that the delay was due to the press of work. No transcript of evidence is included, the notice of appeal specifically stating that it will not be filed, but it also appears that counsel for the parties could not agree on a transcript and the trial court did not remember. *Held:*

1. As pointed out, the notice of appeal assigns error only on the final judgment in the case. All enumerations of error require a consideration of evidence, and no error is enumerated either on the denial of the motion for new trial or on the denial of the motion to set aside the judgment.

There are no enumerations of error which we can consider absent a transcript of the evidence. This in itself requires an affirmance of the judgment. *Dunaway v. Beam,* 129 Ga. App. 220 (199 SE2d 395); *Willadsen v. Willadsen,* 230 Ga. 607 (198 SE2d 318). Further, since neither the denial of the motion for new trial nor of the motion to set aside the judgment is appealed from or

enumerated as error, the law of the case is established by these two judgments, and there remains no question for decision. *Tiller v. State,* 224 Ga. 645 (164 SE2d 137); *Ruff v. State,* 132 Ga. App. 568 (208 SE2d 581).

2. Code Ann. § 6-808 provides in part: "Where no transcript of evidence and proceedings is to be sent up, the clerk shall prepare and transmit the record within 20 days after the date of filing of the notice of appeal. If for any reason the clerk is unable to transmit the record and transcript within the time hereinbefore required . . . he shall state in his certificate the cause of the delay, and the appeal shall not be dismissed." The entire record in this case consists of forty-three pages up to the time of the filing of the notice of appeal and an additional thirty-seven pages involving the subsequent motion to set aside the judgment and related proceedings. The court notes that appellee filed a motion to dismiss the appeal as stale, and, in spite of the clerk's certificate, it appears incredible to us that the press of work in that office would require a delay of a year plus two and a half months to do what the statute requires be done within twenty days in a record of this size. Nevertheless, since the case is being affirmed, this issue will not be passed upon.

*Judgment affirmed. Evans and Stolz, JJ., concur.*

ARGUED APRIL 29, 1975 — DECIDED MAY 9, 1975.

William Herring, *pro se.*
*Richard R. Kirby,* for appellee.