## 50657. GOLD KIST, INC. v. STOKES.

DEEN, Presiding Judge.

Gold Kist, Inc. sued Stokes for damages for failure to deliver certain lots of soy beans in accordance with contract provisions. Stokes defended on the ground that, after the time for delivery had passed, and also after a delivery had been refused, the beans which he could otherwise have delivered had been damaged by fire and their subsequent tender had been refused on this ground, which, under contract provisions, limited his liability. The jury returned a verdict for $3,149.10 and judgment was entered on November 4, 1974. A motion for new trial was filed on November 1, with no rule nisi attached and no hearing date obtained or sought. A motion to dismiss the motion for new trial was granted on December 12, 1974, and a notice of appeal was filed on December 30. *Held:*

1. "Where a motion for new trial is defective in that no rule nisi signed by the trial judge is sought or obtained, setting the same for hearing and accompanied by service on the opposite party, and there is no amendment and no waiver, a motion to dismiss should be sustained." *McDougall v. Stoner,* 134 Ga. App. 342 (214 SE2d 384).

2. (a) The dismissal of the motion for new trial is here enumerated as error. The ruling was obviously correct. This does not, however, mean that this court should dismiss the appeal, as the appellee urges us to do. We have jurisdiction of the case under Code Ann. § 6-803, which provides that a notice of appeal shall be filed within 30 days from the entry of the order granting, overruling, *or otherwise finally disposing of* the motion for new trial.

(b) While we deny the motion to dismiss the appeal in this court, the effect of our affirmance of the trial court's action in disposing of the motion for new trial by dismissal is to establish as the law of the case those grounds of the motion for new trial which stand dismissed. As was held in *Ruff v. State,* 132 Ga. App. 568 (208 SE2d 581): "The ruling [of dismissal] on the motion for new trial absolutely decides adversely to movant each and every ground of said motion for new trial, leaving the judgment on the verdict as the law of the case. . . None of the grounds of the motion for new trial can be considered, the law of the case being

established thereon." This follows *Munn v. Kelliam,* 228 Ga. 395 (185 SE2d 766) where it was held: "The court's dismissal of the motion for new trial on the grounds stated conclusively shows an abandonment of the motion for a new trial which completely obliterates the motion for a new trial and all of its grounds and an abandonment of the motion for a new trial leaves the judgment on the verdict as the law of the case and the grounds of the motion, not ruled on, may not be enumerated as error on appeal." The first three enumerations of error, complaining of alleged errors in the charge and of the inadequacy of the verdict on the evidence offered, duplicate the general and special grounds of the dismissed motion for new trial and accordingly may not be considered by this court.

Nothing to the contrary was intended to be held in *Checker Cab Co. v. Fedor,* 134 Ga. App. 28 (213 SE2d 485). This case, like *Slay v. Brady,* 126 Ga. App. 249 (190 SE2d 445) has to do with the *dismissal* of the *appeal.* It was held in the *Checker Cab* case that even though the appellant failed to enumerate as error the dismissal of the motion for new trial this court had jurisdiction of the appeal under our Rule 14 (e) which provides that the enumeration of errors shall be deemed to include any *judgments* necessary for a consideration of the errors enumerated. In *Checker Cab* there had been no enumeration of error on the judgment dismissing the motion for new trial, and this court refused to dismiss the appeal on this ground but considered it as though the dismissal judgment had in fact been enumerated as error, since it was contained in the record. However, in *Checker Cab* the enumerations of error were entirely different from the grounds of the motion for new trial and no law of the case question arose. This is the distinction between *Checker Cab* on the one hand and the *Ruff* and *Munn* cases on the other. The present case falls in the latter category so far as the first three enumerations of error are concerned. The remaining two are without merit.

*Judgment affirmed. Evans, J., concurs. Stolz, J., concurs in the judgment only.*

ARGUED APRIL 30, 1975 — DECIDED JUNE 2, 1975 — REHEARING DENIED JULY 10, 1975 —

*Alston, Miller & Gaines, R. H. Reeves, III, James S. Stokes, IV,* for appellant.

*Harry H. Hunter,* for appellee.

STOLZ, Judge, concurring in the judgment only.

I concur with the judgment of the majority only.

Normally, this appeal would and should be heard, considered and passed upon on its merits pursuant to the decisions of the Supreme Court in *Harrison v. Harrison,* 229 Ga. 692 (194 SE2d 87); *Dodson v. Dodson,* 231 Ga. 789 (204 SE2d 109) and this court in *Checker Cab Co. v. Fedor,* 134 Ga. App. 28 (213 SE2d 485), when considered together with Code Ann. § 6-905 and the purpose of the Appellate Practice Act.

I specifically do not concur in the majority's analysis of this case and *Checker Cab* as I do not believe the same to be accurate. Further, the law of the case rule has been substantially weakened by Code Ann. § 81A-160 (h) and the cases annotated thereunder. However, the record reveals that on December 9, 1974, the appellant's counsel wrote the appellee's counsel the following letter:

"Please utilize this letter as the basis for *an agreement* between council [sic] for your taking and [sic] exparte [sic] order *dismissing my motion for new trial* in the above-styled case on the grounds mentioned in paragraph 1 of your motion to dismiss. [Emphasis supplied.]

*"Qui haeret in litera, haeret in cortice. Lex semper dabit remedium."* (Emphasis original.)

The appellant has acquiesced in the dismissal of his motion for new trial. In addition to the general grounds, grounds 5 and 6 of the motion for new trial specifically assigned error on the trial judge's failure to charge the plaintiff's requests to charge nos. 6 and 7 and the trial judge's giving in charge the defendant's request to charge no. 1. The appellant's enumeration of error 1 related to motion for new trial ground 6. Enumeration of error 2 related to motion for new trial ground 5. Enumerations of error 3 and 4 relate to the general grounds of the motion for new trial. Enumeration of error 5 contends that the

court erred in dismissing the plaintiff's motion for new trial.

A party cannot acquiesce and agree to a ruling in the trial court and be heard to complain in the appellate courts of that which he has agreed to. *Reid v. State,* 129 Ga. App. 41, 43 (3) (198 SE2d 358) and cits.

I would dismiss the appeal, but under the circumstances concur in the judgment of affirmance.