### 30363. GOLD KIST, INC. v. STOKES.

NICHOLS, Chief Justice.

Certiorari was granted in this case to review the Court of Appeals' ruling that when a motion for new trial is dismissed in the trial court, the law of the case is established as to all errors enumerated in the dismissed motion for new trial and cannot be considered on appeal.

1. In *Harrison v. Harrison,* 229 Ga. 692 (1, 2) (194 SE2d 87) (1972), this court held: "Although the motion for new trial was void, the appeal was filed within 30 days after the entry of the order finally disposing of the motion, and the appeal was timely filed under Code Ann. § 6-803 (Ga. L. 1965, pp. 18, 21; Ga. L. 1966, pp. 493, 496; Ga. L. 1968, pp. 1072, 1077). The motion to dismiss is denied. Error is enumerated on the denial of the motion for new trial. Since the motion was void, there was no error in denying it." The court then ruled on the remaining enumerations of error which were also contained in the motion for new trial.

In *Checker Cab Co. v. Fedor,* 134 Ga. App. 28, 29 (213 SE2d 485) (1975), the Court of Appeals, dealing with the same question, held: "[O]n March 2, 1972, the Supreme Court added subsection (e) to its Rule 14, to wit: 'The enumeration of errors shall be deemed to include and present for review all judgments necessary for a determination of the errors specified.' This court adopted an identical rule (Rule 14 (e)) on the same date. In *Slay v. Brady,* 126 Ga. App. 249 (1) (190 SE2d 445) (1972), this court construed Rule 14 (e) to have superseded the *Hill v. Willis* [224 Ga. 263 (161 SE2d 281) (1968)] rule, and the Supreme Court denied certiorari. In *Slay v. Brady,* supra, the motion for a new trial was overruled. In the case sub judice, the motion for a new trial was dismissed for want of prosecution. We recognize the difference, but overcome the temptation to strictly apply the 'obliteration' rule expressed in *Munn v. Kelliam* [228 Ga. 395 (185 SE2d

766) (1971), decided prior to the adoption of Rule 14(e)], by applying the rule expressed in the Appellate Practice Act (Ga. L. 1965, pp. 18, 40, § 23; Code Ann. § 6-905), that 'this law shall be liberally construed so as to bring about a decision on the merits of every case appealed, and to avoid dismissal of any case or refusal to consider any points raised therein.' "

2. This case is remanded to the Court of Appeals to consider the enumerations of error in accordance with the rulings of this court in *Harrison v. Harrison,* supra, and *Dodson v. Dodson,* 231 Ga. 789 (204 SE2d 109) (1974), and the opinion of that court in *Checker Cab Co. v. Fedor,* supra.

*Judgment reversed. All the Justices concur.*

ARGUED NOVEMBER 10, 1975 — DECIDED DECEMBER 2, 1975.

*Alston, Miller & Gaines, James S. Stokes, IV, R. H. Reeves,* for appellant.

*Harry H. Hunter,* for appellee.