A90A0529. MYERS et al. v. MYERS.

(394 SE2d 374)

Sognier, Judge.

Doyle A. Myers, as administrator of the estate of his mother, Ophia D. Myers, brought suit against two of his brothers, Clarence and Harold Myers, to recover for the estate certain funds which, prior to Ophia's death, had been placed in accounts or certificates held jointly by Ophia and either Clarence or Harold. A jury awarded the administrator all sums prayed for except punitive damages and awarded attorney fees, and judgment was entered on the jury's verdict. Clarence and Harold filed a motion for new trial, which was dismissed by the trial court approximately eight months later. This appeal ensued.

1. We first address appellants' contention that the trial court erred by dismissing their motion for a new trial. The trial court dismissed appellants' motion for new trial approximately eight months after the time for filing the transcript had expired. Although appellants had prepared and submitted a motion for an extension of time for filing the transcript, that motion was never ruled on, and the time specified in the motion had expired several months before appellee moved the court to dismiss the motion for new trial. Contrary to appellants' argument, however, the motion was not dismissed because the court reporter took longer than planned to prepare the transcript, but because appellants failed to protect themselves against such an event by following the correct procedure and either seeking and *obtaining* an extension of time for filing the transcript or ensuring the transcript was filed as required by OCGA § 5-5-40 (c). That statute clearly places the granting of an extension within the sound discretion of the trial court, and "[w]e will not substitute our judgment for that of the trial court when there is no obvious or apparent abuse of discretion by the court in what clearly is a matter of discretion. [Cits.]" *Cohutta Mills v. Bunch*, 166 Ga. App. 395, 397 (304 SE2d 431) (1983).

Although the trial court properly dismissed appellants' motion for a new trial, nevertheless, pursuant to *Gold Kist, Inc. v. Stokes*, 235 Ga. 643, 644 (2) (221 SE2d 49) (1975), we will "consider the [remaining] enumerations of error in accordance with the rulings of [the Supreme Court] . . . , and the opinion of [this] court in *Checker Cab Co. v. Fedor*, [134 Ga. App. 28, 29 (213 SE2d 485) (1975)]." Id.

2. Appellants contend the trial court erred by allowing into evidence a certified copy of the death certificate of Ophia D. Myers because it contained matters other than the fact of death and the immediate agency of death. It is true, as argued by appellants, that "a death certificate serves as prima facie evidence only of (1) the death itself and (2) the immediate agency of the death. Other conclusions, such as those regarding the events leading up to the death or whether

the cause of death was intentional or accidental, are not admissible." *King v. State*, 151 Ga. App. 762, 763 (261 SE2d 485) (1979). The immediate cause of death, however, is listed on the certificate in question as "[r]espiratory arrest . . . due to . . . [p]robable aspiration pneumonia . . . due to . . . [s]enile dementia, far advanced, secondary to Alzheimer's disease." The diagnoses in question here are not impermissible conclusions, such as that on the certificate in *King* that the decedent was shot by another, and we find no error in their admission into evidence here.

Moreover, even if erroneously admitted, the matter objected to as prejudicial — the reference to senile dementia and Alzheimer's disease — was cumulative of other evidence because the other heirs testified to their mother's confusion, loss of memory, and delusions in the years preceding her death. " 'The admission of improper evidence is harmless when the fact sought to be shown is otherwise fully and properly established. [Cit.]' [Cit.]" *Brewer v. Williams*, 167 Ga. App. 151, 153 (305 SE2d 891) (1983).

3. Appellants raise the same objection with regard to the admission into evidence of certified copies of the decedent's medical records, which they allege contained hearsay conclusions and opinions. Although appellants objected at trial to the admission of these records, the transcript shows the objection made was based upon the documents' qualification as business records and the lack of signatures thereon. " 'Where evidence is admitted over objection and, on appeal, new grounds for objection are raised for the first time, those new grounds for inadmissibility are not reviewable. (Cit.)' [Cit.]" *Sun v. Bush*, 179 Ga. App. 80, 82 (7) (345 SE2d 85) (1986).

4. Appellants' third enumeration of error challenges the admission into evidence, purportedly in violation of OCGA § 24-3-37, of documents which appellants maintain are physical evidence of propositions made with a view to compromise. The documents are unsigned memoranda of proposals pursuant to which the appointment of appellee as administrator would be satisfactory to appellants. We find no error in their admission, for two reasons. First, these proposals were not made within the confines of this litigation but rather were made during the course of the probate court administration proceedings and thus were properly admissible here. See *Ostroff v. Coyner*, 187 Ga. App. 109, 116 (5) (369 SE2d 298) (1988). Second, they do not reflect offers to compromise a claim for less, but rather constitute proposals to settle the administration, and contain admissions against appellants' interest that the certificates of deposit, held jointly, belong to the estate. Absent an effort to compromise, admissions against interest are admissible. Id. See also *Charter Mtg. Co. v. Ahouse*, 165 Ga. App. 497, 498 (1) (300 SE2d 328) (1983).

5. Appellants contend the trial court erred by denying their mo-

tion for a directed verdict because the presumption raised by OCGA § 7-1-813 (a) was not overcome by appellee's evidence in his case in chief. OCGA § 7-1-813 (a) provides in pertinent part that "[s]ums remaining on deposit at the death of a party to a joint account belong to the surviving party or parties as against the estate of the decedent, unless there is clear and convincing evidence of a different intention at the time the account is created."

Reviewing the denial of appellants' motion for a directed verdict under the "any evidence" test, *Stratton Indus. v. Northwest Ga. Bank*, 191 Ga. App. 683, 685-686 (1) (382 SE2d 721) (1989), we find appellee presented evidence that the decedent intended to divide her estate among her children equally and did not intend for appellants, her two youngest sons, to have the funds in the joint accounts at her death. Appellee also presented evidence of undue influence in the creation of the accounts, and a presumption of undue influence also arises as a matter of law where the grantee of a gift stands in a confidential relationship with the grantor, and the grantor is of weak mentality. See, e.g., *Trustees of Williams Hosp. v. Nisbet*, 191 Ga. 821, 838, 839 (2) (14 SE2d 64) (1941). As there was some evidence to overcome the presumption arising from OCGA § 7-1-813 (a), a directed verdict was inappropriate. *Stratton*, supra. Appellants' contention is, in actuality, an argument concerning the weight of the evidence, and "[t]he review of an appellate tribunal . . . is confined to errors of law and the sufficiency, rather than the weight, of the evidence. [Cit.]" *Snipes v. Mack*, 191 Ga. App. 233, 234 (381 SE2d 318) (1989). As the jury had before it evidence sufficient to overcome the presumption in the statute, we may not disturb that verdict.

6. Appellants enumerate as error the trial court's admission into evidence of a document not listed in the pretrial order and objected to on the basis of surprise. The record reveals, however, that appellants failed to provide the court with their portion of the pretrial order and as a result no pretrial order was entered. Moreover, the record establishes that appellants conducted no pretrial discovery aimed at obtaining documents to be used at trial, and appellee was consequently not obligated to provide them with the document. Thus, unlike the appellant in *Hanna &c. Enterprises v. Alterman Foods*, 156 Ga. App. 376, 377-378 (2) (274 SE2d 761) (1980), who had served the appellee in that case with discovery pleadings requiring the production of documents, appellants here cannot complain of surprise at trial, and their reliance on *Hanna* is misplaced.

7. Appellants contend the trial court erred by failing to charge the jury that where a bona fide controversy exists, no attorney fees may be awarded pursuant to OCGA § 13-6-11. Attorney fees are awardable pursuant to OCGA § 13-6-11 where the defendant has acted in bad faith, or has been stubbornly litigious, or has caused the

plaintiff unnecessary trouble and expense. "Recovery of attorney fees for *stubborn litigiousness* is not authorized where there is a 'bona fide controversy.' [Cits.]" (Emphasis supplied.) *Nestle' Co. v. J.H. Ewing & Sons*, 153 Ga. App. 328, 333 (4) (265 SE2d 61) (1980). No such restriction exists with regard to an award of attorney fees for bad faith. Appellee presented evidence to show that appellants admitted the certificates held jointly with their mother rightly belonged to the estate, but protracted the litigation in order to deplete the estate's assets rather than see them turned over to appellee for distribution to the other heirs. This evidence was sufficient to support an award of attorney fees for bad faith. The award of attorney fees being supported by some evidence of bad faith, the trial court's failure to charge on bona fide controversy was not error.

*Judgment affirmed. McMurray, P. J., concurs. Carley, C. J., concurs in the judgment only.*

DECIDED MAY 4, 1990.

*John E. Mahan*, for appellants.
*Swift, Currie, McGhee & Hiers, Jane C. Barwick*, for appellee.