## A95A0284. DISMUKE v. ABBOTT.
### (457 SE2d 837)

BIRDSONG, Presiding Judge.

This is a dispute over trust accounts as defined in OCGA § 7-1-810 (14), and it is a case of first impression.

In February 1988, R. T. Dismuke and his wife Greta Dismuke each purchased savings certificates and set up a trust account. Each trust account was designated on its signature card as a "Revocable Trust." The revocable trust account set up by R. T. Dismuke named himself as trustee and named Mrs. Dismuke as beneficiary. The revocable trust account set up by Mrs. Dismuke named herself as trustee and named R. T. as beneficiary. Both revocable trust accounts were to mature in February 1989.

R. T. Dismuke died in August 1988. The funds in the trust account naming him trustee were paid to Mrs. Dismuke as beneficiary. When the trust account of which Mrs. Dismuke was trustee matured, she exercised possession of it.

Mrs. Dismuke died in 1991. The estate of R. T. Dismuke, through administratrix Diane Dismuke Abbott, filed this declaratory judgment action, claiming the funds in both trust accounts. Defendant Robert Dismuke, executor of Mrs. Dismuke's estate, contends the funds of both trust accounts passed to Mrs. Dismuke and thence into her estate. Robert Dismuke filed a motion for summary judgment. Diane D. Abbott filed an affidavit saying she is the daughter of R. T. and Greta Dismuke, that R. T. established some certificates of deposit; that he "also stated to me that he opened other accounts solely for purposes of maintaining insurability of the funds on deposit"; and that "the only deposits my father had, other than joint certificates of deposit, were the trust accounts. . . . Therefore, they would have to be the accounts set up for purposes of insurability." She thus contends R. T. Dismuke set up both trust accounts only to insure the funds and with the intent that they pass into his estate and not to

Mrs. Dismuke and her estate.

The trial court denied Robert Dismuke's motion for summary judgment. We granted this interlocutory appeal. *Held*:

1. Diane D. Abbott contends it is undisputed the funds in these trust accounts came from R. T. Dismuke, that Robert Dismuke had the burden to show that R. T. intended these accounts to be survivorship accounts, and that this court has previously upheld findings of "contrary intent" as to multi-party accounts. See *Hopkins v. Moore*, 207 Ga. App. 383 (427 SE2d 853); *Williamson v. Echols*, 205 Ga. App. 453 (422 SE2d 329); *Turner v. Mikell*, 195 Ga. App. 766 (395 SE2d 20); *Myers v. Myers*, 195 Ga. App. 529 (394 SE2d 374). None of those cases, however, involved trust accounts.

Trust accounts are distinctly different from other multi-party accounts. See OCGA § 7-1-812 (a), (b) and (c). A trust account is a trust of which there is no subject other than the funds on deposit in an account established in the name of a trustee for a beneficiary; the relationship is established by the form of the account and the deposit agreement. OCGA § 7-1-810 (14). OCGA § 7-1-812 (c) provides: "Unless a contrary intent is manifested by the terms of the . . . deposit agreement or there is other clear and convincing evidence of an irrevocable trust, a trust account belongs beneficially to the trustee during his lifetime. . . . If there is an irrevocable trust, the account belongs beneficially to the beneficiary." No question arises in this case as to the intent of the founders of these accounts. Both trust accounts were designated "Revocable Trusts." According to the express terms of § 7-1-812 (c), both revocable trust accounts belonged beneficially to the respective trustees during their lifetimes; each trust account could be revoked by its trustee during his or her lifetime. As these were not irrevocable trust accounts, they were not accounts which "[belonged] beneficially to the beneficiary." OCGA § 7-1-812 (c).

R. T. Dismuke did not revoke the trust of which he was trustee, so on his death the funds passed to the beneficiary, Mrs. Dismuke. But Mrs. Dismuke, during her lifetime, did revoke the trust of which she was trustee. These results were exactly as provided by law for a revocable trust. No "contrary intent" was manifested by the terms of the accounts or deposit agreements and there is no "clear and convincing evidence" that an irrevocable trust was intended. OCGA § 7-1-812 (c).

The terms "revocable" and "irrevocable" used on the form of the account or the deposit agreement are terms of particular significance; those terms govern the relationship. OCGA § 7-1-810 (14). When the founder of a trust account has specified its form, he has formally expressed his intent. To allow that formally expressed intent to be refuted merely by another's affidavit that the founder said something contradictory would be improper. To constitute clear and convincing

evidence of a contrary intent, such a charge would have to be made by evidence of equal stature and nature to the formality with which the founder designated the account. To say otherwise would defeat the law of trust accounts and would make every designation of a trust account uncertain. The affidavit offered by plaintiff Diane D. Abbott is not "clear and convincing" evidence of an irrevocable trust. It is ordinary hearsay; it is self-serving, and it contradicts both founders' unequivocal designation of these accounts as "Revocable Trusts."

2. Even if it were assumed that R. T. Dismuke was the source of these funds and that he set up both "Revocable Trust" accounts for purposes of insurability, such facts do not contradict the conclusion that he intended the *trustee's* intent to control each account in accordance with the statutory scheme, and that by designating these as "Revocable Trusts" he intended his wife to have ownership rights during her lifetime in the revocable trust of which he named her trustee (OCGA § 7-1-812 (c)) and to have survivorship interest in the trust of which he was trustee, unless he revoked it during his lifetime.

3. Abbott contends that even if the account of which R. T. was trustee passed on his death to Mrs. Dismuke, the account of which Mrs. Dismuke was trustee and R. T. was beneficiary passed into R. T.'s estate on his death. Abbott says § 7-1-813 (c), which gives the funds to the beneficiary on the death of the trustee, applies only if the trustee dies first, and the beneficiary (R. T.) died first; Abbott then says "[i]n other cases" (OCGA § 7-1-813 (d)) the death of a party to a multi-party account has no effect on beneficial ownership of the account other than transfer of the rights of the decedent as part of his estate. In other words, Abbott says Mrs. Dismuke did not have the beneficial ownership of the revocable trust of which she was trustee.

This strained reasoning is not correct. It contradicts and ignores § 7-1-812 (c) which gives the rights of beneficial ownership to Mrs. Dismuke as trustee of a "Revocable Trust," including the right to revoke the trust account. Contrary to that Code section, Abbott's theory would give beneficial ownership of the trust to the beneficiary even though this was not an irrevocable trust.

Under the standards of summary judgment (see *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474)), no genuine issue of material fact remains. The form of the deposit agreement of these accounts unequivocally provides that these are "Revocable Trusts," and no clear and convincing evidence of a contrary intent has been proposed. The trial court erred in denying summary judgment to defendant Robert Dismuke.

*Judgment reversed. Johnson and Smith, JJ., concur.*

DECIDED JUNE 2, 1995 — 

*Mills & Chasteen, P. C., Ben B. Mills, Jr.*, for appellant.
*Solomon & Edgar, William J. Edgar*, for appellee.