## A98A2459. SAMPSON v. JONES.
(510 SE2d 902)

McMURRAY, Presiding Judge.

Plaintiff Sampson appeals the denial of his motion for new trial on the general grounds following a jury verdict for defendant Jones in this motor vehicle-pedestrian collision case. Plaintiff was attempting to cross a multi-lane street via a crosswalk at an intersection con-

---

trolled by a traffic light and was struck by a vehicle driven by defendant, who was attempting to accomplish a right on red turn after coming to a stop at the light. *Held*:

In reviewing the trial court's ruling on the motion for new trial based on the general grounds, the proper standard of appellate review is the "any evidence" test, so that the evidence must be construed most favorably towards the party opposing the motion for new trial. *Jordan v. Stephens*, 221 Ga. App. 8, 10 (3) (470 SE2d 733); *Central Nat. Ins. Co. v. Dixon*, 188 Ga. App. 680, 681 (1) (373 SE2d 849). The evidence is conflicting in that plaintiff represents that he safely entered the crosswalk after waiting for all traffic to come to a halt at the red light. Defendant's evidence is that plaintiff "jetted out" into the path of his vehicle as he proceeded to make a right on red turn so as to be in violation of OCGA § 40-6-91 (b). Furthermore, plaintiff's testimony suggests that he did not wait for the proper signal from the traffic light, but instead entered the crosswalk when faced with solely a green arrow signal contrary to the provisions of OCGA § 40-6-21 (a) (1) (C). Finally, plaintiff's admission that the last time he saw defendant's vehicle before it hit him was while it was slowing down to stop at the intersection could have been viewed by the jury as suggesting a lack of due care for his own safety and could have been viewed as impeaching plaintiff's assertions that he safely entered the crosswalk since defendant's vehicle was in the curb side lane and was the first vehicle plaintiff would step in front of after entering the crosswalk.

Construed pursuant to the above standard, the trial evidence could be viewed as failing to show negligence on the part of defendant or as showing plaintiff's own lack of due care for his safety as the proximate cause of his injuries. We find that the jury's verdict was authorized by the evidence presented at trial. The trial court did not err in denying plaintiff's motion for new trial.

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED JANUARY 19, 1999.

*Edwards & Youmas, Lonzy F. Edwards*, for appellant.
*Robert S. Slocumb*, for appellee.