A09A0370. DAE v. PATTERSON et al.
(673 SE2d 306)

BLACKBURN, Presiding Judge.

Following a jury trial in this action to set aside a deed, plaintiff Ethel Dae appeals the jury verdict in favor of defendants Larry and Nenita Patterson, arguing that the trial court should have granted her motion for new trial (because the jury's verdict was strongly against the weight of the evidence) and should have excluded an audiotape for lack of foundation. Because the motion for new trial was filed prematurely, it was void, and the trial court therefore did not err in denying it. Nor did the trial court abuse its discretion in finding that the Pattersons laid a sufficient foundation for the admission of the audiotape. Accordingly, we affirm.

The record shows that Dae filed a complaint against the Pattersons to set aside a deed, which she had executed and in which she had conveyed fee simple title in a certain residence to the Pattersons[1] as a gift. She testified at trial that through mutual mistake, accident, or fraud, the deed failed to reflect her agreement with the Pattersons that she was to have a life estate in the residence, that her grandson was to receive title to the residence once the Pattersons were dead, that the Pattersons were to pay all unpaid and future taxes and utilities on the property, that the Pattersons were not to sell the property, and that the Pattersons were not to place a lien on the property. She admitted that an attorney retained by her prepared the deed, which document the attorney explained to her before she voluntarily executed it in his office. She was fully aware that none of these conditions was in the deed.

---

[1] The Pattersons were relatives of Dae.

YALE LAW LIBRARY

The dispute leading to the current lawsuit to set aside the deed arose when Dae announced she was not vacating the residence. The judge allowed the jury to hear an audiotape of a voice mail message Dae left on Larry Patterson's cell phone, in which she stated that she had changed her mind and had decided not to move out. Based on the evidence, the jury rendered a verdict in favor of the Pattersons.

Before the court entered judgment on the verdict, Dae moved for a new trial on the ground that the jury's verdict was contrary to and strongly against the weight of the evidence. See OCGA §§ 5-5-20; 5-5-21. Some months after entering judgment in favor of the Pattersons, the court denied the motion for new trial, explaining that the motion was filed prematurely and was therefore invalid. Dae appeals.

1. Dae first enumerates as error the court's denial of her motion for new trial. She argues that because the jury's verdict was contrary to and strongly against the weight of the evidence, the court should have granted her motion.

Because "[t]he motion for new trial was filed prior to the entry of the judgment on the verdict, [it] was premature and invalid." *Harrison v. Harrison*.[2] "Since the motion was void, there was no error in denying it." Id. at 692 (2). See *Cornelius v. Lawrence*[3] ("since the motion for new trial raising the contentions was void from prematurity, there was no error in denying it"). Therefore, we affirm as to all alleged errors that are premised on the denial of the motion for new trial. *Lipscomb v. State*.[4] See *Hill v. Bailey*[5] (where the errors "are directed only to the court's action in denying the prematurely[-] filed motion for new trial, that judgment must be affirmed") (punctuation omitted).

Here, the argument supporting the first enumeration is something that could only be asserted through and was therefore premised on a motion for new trial. Dae argues that the jury's verdict was contrary to and strongly against the weight of the evidence. See OCGA §§ 5-5-20; 5-5-21. This argument may only be made to the trial court in a properly-filed motion for new trial and is not available to be asserted as an error on appeal independent of that motion. "No court except the trial court is vested by OCGA §§ 5-5-20 and 5-5-21 with the authority to grant a new trial in a matter relating to the weight of the evidence." *Clark v. State*.[6] We as an appellate court are "without power to set the verdict aside on the general grounds upon which the trial judge, in the exercise of the discretion vested in him,

[2] *Harrison v. Harrison*, 229 Ga. 692 (1) (194 SE2d 87) (1972).

[3] *Cornelius v. Lawrence*, 203 Ga. App. 113 (2) (416 SE2d 115) (1992).

[4] *Lipscomb v. State*, 194 Ga. App. 657 (1) (391 SE2d 773) (1990).

[5] *Hill v. Bailey*, 187 Ga. App. 413, 415 (2) (370 SE2d 520) (1988).

[6] *Clark v. State*, 249 Ga. App. 97 (547 SE2d 734) (2001).

might have set it aside." *Gledhill v. Brown*.[7] See *Drake v. State*[8] ("[w]e do not have the discretion to grant a new trial on these grounds"). Accordingly, we must affirm as to this enumeration of error, which was premised on the void motion for new trial.

Moreover, even if we were to consider this enumeration of error on its merits, we would apply the "any evidence" standard to determine if any evidence supported the jury's verdict, which evidence would justify the denial of a motion for new trial. See *Sampson v. Jones*.[9] Here, the language of the deed itself supported a finding that Dae intended to convey the property to the Pattersons without any conditions. Considering the testimony that Dae hired the attorney who drafted the deed at her direction and who explained the deed to her, we would affirm the denial of the motion for new trial in any case.

2. Pursuant to *Gold Kist, Inc. v. Stokes*,[10] *Checker Cab Co. v. Fedor*,[11] and *Myers v. Myers*,[12] we will consider the merits of the remaining enumeration of error that focuses on an evidentiary issue that can be considered outside the context of the void motion for new trial.[13] Dae complains that the trial court erred in admitting over her objection the audiotape of a voice mail she left on Larry Patterson's cell phone. She contends that the Pattersons laid an insufficient foundation for the admission of this audiotape.

"Trial courts have broad discretion to determine whether a sufficient foundation has been provided for the introduction of evidence." *Cole v. State*.[14] We will not reverse the trial court's ruling in this regard unless there has been an abuse of that discretion. *Whitehead v. State*.[15]

OCGA § 24-4-48 (c) provides that subject to any other valid objection,

> audio recordings produced at a time when the device producing the items was not being operated by an individual

---

[7] *Gledhill v. Brown*, 44 Ga. App. 670, 672 (1) (162 SE 824) (1932).

[8] *Drake v. State*, 241 Ga. 583, 585 (1) (247 SE2d 57) (1978).

[9] *Sampson v. Jones*, 236 Ga. App. 57, 58 (510 SE2d 902) (1999).

[10] *Gold Kist, Inc. v. Stokes*, 235 Ga. 643, 644 (2) (221 SE2d 49) (1975).

[11] *Checker Cab Co. v. Fedor*, 134 Ga. App. 28, 29 (1) (213 SE2d 485) (1975) (physical precedent only).

[12] *Myers v. Myers*, 195 Ga. App. 529 (1) (394 SE2d 374) (1990) (physical precedent only).

[13] *Love v. State*, 144 Ga. App. 728, 731 (I) (B) (242 SE2d 278) (1978), overruled on other grounds, *McKinney v. State*, 184 Ga. App. 607, 610 (2) (362 SE2d 65) (1987), specifically rejected the argument (asserted by the Pattersons on appeal) that the "law of the case" concept precludes consideration of the remaining enumeration of error.

[14] *Cole v. State*, 261 Ga. App. 809, 810 (1) (584 SE2d 37) (2003).

[15] *Whitehead v. State*, 258 Ga. App. 271, 275 (1) (d) (574 SE2d 351) (2002).

person or was not under the personal control or in the presence of an individual operator shall be admissible in evidence when the court determines, based on competent evidence presented to the court, that such items tend to show reliably the fact or facts for which the items are offered. . . .

See *Shaw v. State*.[16] See also *Russell v. Superior K-9 Svc*.[17] (advances in recording technology have relaxed former foundation requirements).

Here, Larry Patterson testified that Dae called his cell phone which he was unable to answer, that she left a voice mail for him, that he recognized her voice when he retrieved the voice mail, and that the audiotape being submitted to the court was a recording of that voice mail. Exercising its discretion, the court found that a sufficient foundation had been established and admitted the audiotape. We discern no abuse of discretion. See *Shaw*, supra, 247 Ga. App. at 873 (4); *Russell*, supra, 242 Ga. App. at 898 (1).

*Judgment affirmed. Adams and Doyle, JJ., concur.*

DECIDED FEBRUARY 2, 2009 ▮▮▮▮▮▮▮

*Thomas F. Jones*, for appellant.
*Oliver R. Register*, for appellees.

---

[16] *Shaw v. State*, 247 Ga. App. 867, 872-873 (4) (545 SE2d 399) (2001).
[17] *Russell v. Superior K-9 Svc.*, 242 Ga. App. 896, 897 (1) (531 SE2d 770) (2000).