### 76146. JAMES v. ELDER.
(368 SE2d 570)

BANKE, Presiding Judge.

Mrs. Etha King Elder died testate on June 14, 1986. Her executor, the appellee herein, filed the present action to obtain a judicial declaration that the estate was entitled to the proceeds of certain checking and savings accounts which Mrs. Elder had maintained jointly in her name and that of her daughter, the appellant herein. The appellee also sought certain ancillary injunctive relief. Following a bench trial, the court ruled that the funds belonged to the estate, prompting the daughter to file this appeal.

There is no question that each of the five accounts in question had been established by Mrs. Elder as a joint account with right of survivorship. However, the trial judge concluded that there was "no credible evidence, other than the signature cards themselves, showing an intention on the part of Mrs. Elder to make a gift to . . . [the appellant] of the funds on deposit in the amounts . . . , nor that Mrs. Elder intended that the [appellant] would be entitled to receive such funds upon Mrs. Elder's death." To the contrary, the court concluded that it had been established by "clear and convincing evidence that the sole purpose for which . . . [the appellant's] name 'was added to each of said accounts was for the convenience of the depositor of the funds, Mrs. Elder." The court accordingly ruled that the appellee executor was entitled to receive the funds for distribution in accordance with the provisions of the will. *Held*:

Two of the accounts in question were established as joint accounts subsequent to 1976 and were consequently subject to OCGA § 7-1-813 (Ga. L. 1976, p. 1388, § 8), which provides, in pertinent part, as follows: "(a) Sums remaining on deposit at the death of a party to a joint account belong to the surviving party or parties as against the estate of the decedent, *unless there is clear and convincing evidence*

*of a different intention at the time the account is created.*" (Emphasis supplied.) Although the law governing the accounts established prior to 1976 is less clear, it would appear that the depositor's actual intention is controlling with respect to them, also.[1] In *Georgia Savings &c. Co. v. Sims,* 332 FSupp. 1306 (N.D. Ga. 1971), the United States District Court for the Northern District of Georgia concluded that, under Georgia law, the designation of an account by a depositor as a joint account with right of survivorship was not conclusive as to the depositor's intent and that no transfer of ownership would be deemed to have occurred if it were shown that the depositor's actual intent had merely been to provide for his own convenience rather than to make a present gift. Cf. *Taylor v. C & S Bank of Ga.,* 226 Ga. 15 (2) (172 SE2d 617) (1970); *Leonas v. Johnson,* 122 Ga. App. 160 (2) (176 SE2d 506) (1970).

In the present case, it was established without dispute that the appellant had not been present when any of the accounts at issue were opened; that all of the contributions to the accounts had been made by the decedent; that in placing the appellant's name on the accounts, the decedent had acted on her accountant's recommendation that she add a second party to all of her savings and checking accounts for convenience; that the appellant had never been in possession of any of the passbooks associated with the savings accounts; that the appellant had not written any checks on the checking account until after the decedent became unable to write checks for herself; and that, with the exception of one check which the appellant identified in the checkbook as a loan and promptly repaid, all of the checks written by the appellant had been for the immediate benefit of the decedent.

The only evidence offered by the appellant, other than the signature cards themselves, tending to show that the decedent had intended to transfer any present or future interest in the funds to her was her own testimony that the decedent had repeatedly told her, " 'Sugar, your name is on there; it's yours. . . . If it's got your name on it, it's yours.' " However, because these alleged declarations were offered by the person who stood the most to gain from their admission, the trial judge was authorized, if not required, to reject them as self-serving. See *Irby v. Brooks,* 246 Ga. 794, 796 (273 SE2d 183) (1980). The record thus supports the trial judge's determination that the decedent's lack of intention to make a gift of the funds to the

---

[1] Banks were authorized by § 13-2039 of the Code of 1933 to pay funds on deposit in joint accounts to either of the persons in whose names the account was established; however, this Code section was interpreted as governing merely the liability of the depository bank and not "the right of the property as between the parties." See *Clark v. Bridges,* 163 Ga. 542, 546 (136 SE 444) (1926); *Nash v. Martin,* 90 Ga. App. 235 (1) (82 SE2d 658) (1954).

appellant had been established by clear and convincing evidence. It follows that, applying either OCGA § 7-1-813 (a) or pre-existing law, the trial judge was authorized to declare that the funds belonged to the estate.

*Judgment affirmed. Birdsong, C. J., and Beasley, J., concur.*

DECIDED APRIL 8, 1988.

*W. W. Hemingway, Tim D. Hemingway*, for appellant.
*J. Robert Sikes*, for appellee.