A90A0467. TURNER v. MIKELL.
(395 SE2d 20)

BANKE, Presiding Judge.

This is a declaratory judgment action brought by the appellant against the appellee, as executor of the estate of the appellant's deceased mother, to obtain a ruling that she [the appellant] was entitled to the proceeds of three bank certificates of deposit titled jointly in her name and that of her mother. The certificates, which had a total face value of $40,000, each contained printed language specifying that in the event of the death of one of the two named depositors, the proceeds would be payable to the survivor.

The case was tried before a jury, which found that one of the certificates, in the face amount of $10,000, belonged to the appellant, and that the other two, in the total face amount of $30,000, belonged to the estate. The appellant brings this appeal from the denial of her motion for judgment notwithstanding the verdict or, in the alternative, new trial. *Held:*

1. The appellant contends that the trial court erred in allowing the other heirs to the estate, consisting of the decedent's other four children and her surviving spouse, to testify that while the decedent had mentioned having placed the appellant's name on one of the certificates so as to make those funds readily available in the event she [the decedent] became sick or incapacitated, she had never told them that the appellant's name was also on the other two certificates. Several of these witnesses further testified that the decedent had told them she wanted all her children to share equally in the proceeds of the certificates upon her death.

The appellant argues that this testimony should not have been

admitted because it was offered by witnesses who were interested in the case and because there were no factors tending to guarantee the trustworthiness of the asserted declarations. However, "circumstances indicating that a witness has an interest in the case . . . go to the credibility of the witness, not to the admissibility of the declarant's statement." *Swain v. C & S Bank of Albany*, 258 Ga. 547, 550 (372 SE2d 423) (1988). Here, as in *Swain*, the decedent's declarations were not self-serving at the time they were made, and the fact that more than one witness reported having heard them was a circumstance tending to establish their trustworthiness. Accordingly, the trial court did not abuse its discretion in admitting this testimony.

2. "Sums remaining on deposit at the death of a party to a joint account belong to the surviving party or parties as against the estate of the decedent, *unless there is clear and convincing evidence of a different intention at the time the account is created. . . .*" OCGA § 7-1-813 (a). (Emphasis supplied.) It was established without dispute through the testimony of one of the appellant's sisters that it was the appellant who had first suggested the idea "that someone else's name should be put on [the certificates] with Mama['s] for convenience purposes in case Mama got sick. . . ." This witness further testified that her mother had told her she wanted her to be present at the bank "when everything was handled" and that on on the day the appellant drove her to the bank to make the change she [the witness] was "dressed and ready" to go with them, but they "never came by" for her. Considered in its entirety, the evidence provided clear and convincing support for the jury's determination that the decedent had added the appellant's name to the certificates for convenience rather than to effect a gift of the funds to her. Accord *James v. Elder*, 186 Ga. App. 810 (368 SE2d 570) (1988); *Georgia Savings &c. Co. v. Sims*, 332 FSupp. 1306 (N.D. Ga. 1971). Accordingly, the trial court did not err in denying the appellant's motions for directed verdict and judgment notwithstanding the verdict.

*Judgment affirmed. Birdsong and Cooper, JJ., concur.*

DECIDED MAY 14, 1990 —
REHEARING DENIED MAY 29, 1990 —

*William J. Edgar*, for appellant.
*Houston & Golub, Phillip N. Golub*, for appellee.