A90A1344. GODWIN v. JOHNSON.
(399 SE2d 581)

POPE, Judge.

The issue presented concerns ownership rights to certain savings certificates and joint checking account funds totaling in excess of $230,000. On November 27, 1985, Stephen Pennington Bond (decedent) executed his Last Will and Testament naming as his primary beneficiaries his daughter, appellant herein, and appellee and his brother, nephews of the deceased's wife. Other than specific bequests, the terms of the will provided that one-half of the decedent's property be conveyed to his daughter and the remaining one-half be divided between the two nephews. The will also named appellee as executor of the estate.

The decedent died on May 14, 1987. The will was subsequently probated in solemn form and appellee qualified as executor of the estate. On October 26, 1987, appellee mailed to appellant two certificates of deposit totaling $20,000 on which she was listed as joint owner. On March 25, 1988, appellee sent a letter, with attachments, to his brother and appellant providing an accounting of the estate. Appellee noted in the letter that "those various accounts or certificates of deposit which were owned by [decedent] and some other individual as joint tenants with a right of survivorship" were not included as part of the estate. Attached to the letter was a list of the joint accounts referred to in the letter, including the funds at issue here

which were listed as jointly owned by appellee and the decedent.

Appellant subsequently filed her petition seeking, inter alia, to have all bank accounts held jointly by the deceased and appellee declared property of the estate and distributed in accordance with the terms of his will, the revocation of letters testamentary granting authority to appellee to act as executor, the appointment of a replacement executor and reasonable attorney fees. Both parties filed motions for partial summary judgment. This appeal is from the order of the probate court granting appellee's motion for summary judgment and denying appellant's motion for partial summary judgment. *Held*:

1. Appellant first contends that the trial court erred in granting summary judgment to appellee on the issue of ownership of the joint accounts. We agree and reverse.

OCGA § 7-1-813 (a) provides, in pertinent part, that "[s]ums remaining on deposit at the death of a party to a joint account belong to the surviving party or parties as against the estate of the decedent, *unless there is clear and convincing evidence of a different intention at the time the account is created*." (Emphasis supplied.)

As to the decedent's intent in creating the joint accounts in this case, the record shows the following: Prior to becoming disabled in 1983 decedent's wife successfully handled all the financial affairs of the family. According to the testimony of several of the decedent's closest friends, the decedent was concerned following his wife's death in 1985 that someone have access to his funds if he became unable to manage his own affairs. Evidence was presented that with this concern in mind the decedent gave both the appellee, who is a CPA, and appellee's brother his power of attorney. According to the testimony of several witnesses, the decedent also added appellee's name to his checking account; again, however, the sole purpose of adding appellee's name was to allow someone access to the funds in case the decedent became ill, and the appellee did not enjoy unlimited access to the funds while the decedent was alive. However, although the decedent mentioned the joint checking account to several friends, he apparently never mentioned the joint savings certificates.

Appellant also presented testimony from several witnesses concerning the decedent's desire that she inherit half of his estate and that appellee and his brother inherit the other half. According to the witnesses, the decedent never expressed his desire or intent that appellee receive a larger portion of his estate than that provided for in his will. The witnesses knew of no special relationship between the decedent and appellee and stated that the decedent had a good relationship with appellee, appellee's brother and the appellant. One of the witnesses testified that less than a month before the decedent died he told him that he had given several of his nephews' children certain bonds or savings certificates and that he had given appellant

two "bonds." However, the decedent apparently never indicated that he had given appellee any bonds or savings certificates and none of his friends or family was aware of these certificates prior to his death.

Appellee presented evidence that the decedent had been the executor under his wife's will and that in addition to the bequests under the will, decedent received approximately $500,000 from checking accounts and savings certificates which had been owned jointly by the decedent and his wife. Moreover, acting as executor of his wife's estate, the decedent had transferred certain other funds to those named as joint owners with his wife on certain accounts and these funds also passed outside the estate. Evidence was also presented that appellee had informed the decedent following his wife's death that any certificates of deposit which he had owned jointly with his wife should remain in his name and that he should transfer certain stock certificates to his name so as to allow the assets to be distributed as specified in his will at the time of his death. Appellee also presented affidavits from various bank employees who stated that the decedent seemed cognizant of the survivorship feature of the joint accounts and that decedent made no statements which indicated a contrary intent when opening the accounts. By way of deposition, appellee testified that he was not surprised to receive such a large share of his uncle's estate, because his uncle had expressed to him that he thought of him as his son.

We find that under these facts a material issue exists regarding the decedent's intent in establishing the joint accounts in controversy here. "[T]he issue of [the decedent's] intent regarding the joint . . . accounts . . . would appear to require a thorough weighing of the conflicting evidence by the trier of fact. . . . [C]ases which primarily require factual determination are not usually amenable to summary adjudication. It is only 'where the facts conclusively show by plain, palpable and undisputed evidence' that one or the other party is entitled to judgment that the case 'properly may be resolved as a matter of law through the vehicle of summary judgment.' *Fort v. Boone*, 166 Ga. App. 290, 292 (304 SE2d 465) (1983)." *Banks v. Todd*, 184 Ga. App. 681, 684 (362 SE2d 410) (1987). See also *Turner v. Mikell*, 195 Ga. App. 766 (2) (395 SE2d 20) (1990); *James v. Elder*, 186 Ga. App. 810 (368 SE2d 570) (1988); cf. *Nowlin v. Parker*, 183 Ga. App. 137 (358 SE2d 258) (1987). Consequently, because there are issues here which must be resolved by a jury, we find the probate court erred in granting appellee's motion for partial summary judgment.

2. We find no merit to appellant's contention that appellee should be removed as executor of the estate. We find that the record is devoid of evidence that appellee has mismanaged or misappropriated the assets of the estate, only that he has claimed ownership of funds to which he is presumptively entitled pursuant to OCGA § 7-1-

813 (a). Although appellant also argues that certain fees or expenses requested by appellee were excessive, she also stated in her deposition that she did not have the knowledge or experience to determine whether the executor's expenses were reasonable for the services rendered. There being no other evidence of record as to this question, we find no merit to appellant's arguments on this issue.

3. Because of our holding in Division 1, supra, it is unnecessary for us to consider appellant's remaining enumerations of error. Thus the trial court's judgment, insofar as it denied appellant's motion for partial summary judgment, is affirmed.

*Judgment reversed in part and affirmed in part. Deen, P. J., and Beasley, J., concur.*

DECIDED DECEMBER 3, 1990.

*Kennedy, Lewis, Smart & Brannon, J. Curtis Lewis III*, for appellant.

*Oliver, Maner & Gray, James P. Gerard, James L. Pannell, Malberry Smith, Jr.*, for appellee.