## A90A1812. ECHOLS v. TRUST COMPANY BANK.

(401 SE2d 565)

McMURRAY, Presiding Judge.

On or about October 13, 1987, James E. Glover, an elderly gentleman stricken with cancer, went with his niece, defendant Louise E. Williamson, and with his sister, Cornelia Callaway, to defendant Trust Company Bank and opened two bank accounts on which all three persons were listed as parties to the account. At the bank, the three individuals signed account agreements and signature cards which stated that all joint accounts belonged to all depositors as joint tenants with right of survivorship.

Plaintiff Echols, acting in his capacity as executor of the estate of James E. Glover, filed this action against defendants Williamson and Trust Company Bank. Plaintiff's complaint alleges that the new bank accounts were opened and that defendant Williamson was added to the accounts due to his decedent's failing health for the sole purpose of expediting payment of Glover's bills and related expenses and that no gift of money was made to her. The complaint also alleges that shortly before and after Glover's death defendant Williamson withdrew funds from the accounts and converted them to her personal use. In four counts of the complaint plaintiff seeks to make defendant Williamson account for the funds removed from the accounts and pay damages for the amount removed.

This appeal is concerned with the fifth count of plaintiff's complaint which seeks to recover damages from defendant Trust Company Bank for alleged negligence in permitting defendant Williamson to remove funds from the accounts after being apprised of the dispute. Defendant Trust Company Bank's motion for summary judgment was granted and plaintiff appeals from this grant of summary judgment to defendant Trust Company Bank. *Held*:

As under pre-existing law a distinction must be recognized, under OCGA § 7-1-810 et seq., between the liability of a depository bank and conflicting claims between third parties to the funds deposited. See *Clark v. Bridges*, 163 Ga. 542, 546 (136 SE 444) and OCGA § 7-1-811. The controversy between plaintiff and defendant Williamson, which is not at issue in this appeal, is governed by OCGA § 7-1-813 which provides in part that: "Sums remaining on deposit at the death of a party to a joint account belong to the surviving party or parties as against the estate of the decedent, unless there is clear and convincing evidence of a different intention at the time the account is created. . . ." OCGA § 7-1-813 is relevant to the issues presented in the case sub judice only indirectly via OCGA § 7-1-817. See OCGA § 7-1-811.

OCGA § 7-1-817 provides that: "Any sums in a joint account may be paid, on request, to any party without regard to whether any other

party is incapacitated or deceased at the time the payment is demanded; but payment may not be made to the personal representative or heirs of a deceased party unless proof of death is presented to the financial institution showing that the decedent was the last surviving party or unless there is no right of survivorship under Code Section 7-1-813." OCGA § 7-1-820 provides in part that: "Payment made pursuant to Code Section . . . , 7-1-817, . . . discharges the financial institution from all claims for amounts so paid, whether or not payment is consistent with the beneficial ownership of the account as between parties. . . . The protection here given does not extend to payments made after a financial institution has received written notice from any party able to request present payment to the effect that withdrawals in accordance with the terms of the account should not be permitted." In the case sub judice, the decedent was survived by joint depositors. Additionally, while plaintiff in his individual capacity, prior to acquiring his present status as executor of Glover's estate and lacking any right to demand payments from the accounts, notified defendant Trust Company Bank that there was a dispute concerning the accounts, this communication did not amount to a showing by a person able to request present payment that the statutory presumption of OCGA § 7-1-813 is inapplicable. Thus, defendant Trust Company Bank is shielded by OCGA § 7-1-820 and is not liable for permitting withdrawals in accordance with the terms of the account. *Lastinger v. Johnson*, 148 Ga. App. 453, 455 (4) (251 SE2d 369).

*Judgment affirmed. Sognier, C. J., and Carley, J., concur.*

DECIDED JANUARY 16, 1991.

*Jenkins, Nelson & Welch, William R. Jenkins, Denise M. Welch*, for appellant.

*Cashin & Morton, Neal J. Quirk, Richard W. Gerakitis, Franklin H. Davidson, Gail T. Joyner*, for appellee.