A92A0874. WILLIAMSON v. ECHOLS.
(422 SE2d 329)

BEASLEY, Judge.
Williamson appeals a judgment entered on a jury verdict in favor

of Echols, executor of the estate of James E. Glover.

While in declining health approximately five months prior to his death at age 80, Mr. Glover opened two accounts at Trust Company Bank. He named his sister, Cornelia Callaway, and her daughter (his niece) appellant Williamson, as joint tenants with rights of survivorship. Both before and after Mr. Glover's death, appellant withdrew the sums in both accounts, totaling withdrawals of approximately $65,500. She gave a portion of those funds to Callaway, the other account holder and retained the rest. Callaway returned the funds she received to the Glover estate, but Williamson refused demands to do so.

Appellee Echols, as executor of Mr. Glover's estate, brought suit against appellant and Trust Company Bank, seeking an accounting and recovery on behalf of the estate of the funds previously on deposit in the two accounts. Summary judgment was awarded to the bank, *Echols v. Trust Co. Bank*, 198 Ga. App. 340 (401 SE2d 565) (1991), and the case proceeded to trial against appellant.

1. Appellant contends that the trial court erred in failing to direct a verdict in her favor with respect to her entitlement to the funds on deposit in the two accounts.

"The controversy between plaintiff and defendant Williamson, . . . is governed by OCGA § 7-1-813 [a] which provides in part that: 'Sums remaining on deposit at the death of a party to a joint account belong to the surviving party or parties as against the estate of the decedent, unless there is clear and convincing evidence of a different intention at the time the account is created. . . .'" *Echols*, supra at 340. Appellant contends that the evidence was insufficient to rebut the statutory presumption that as surviving party she was entitled to the funds.

The funds used to establish the accounts were provided by Mr. Glover. During his declining health, appellant assisted him in managing business matters and paying his bills. His expressed intent in establishing the joint accounts was for her convenience in rendering that assistance. Appellant admitted that her name was placed on the accounts "to assist in writing checks, paying bills, and paying expenses and handling his affairs."

Trust Company Bank utilized only one account agreement form which offered the depositor a choice of establishing an individual or joint account. The only joint account option available was that of joint tenants with right of survivorship.

The legatees under Mr. Glover's will, which had been executed the year before the opening of the accounts, consisted of six family members who were to receive equally. Neither appellant nor a second niece were named in the will because they had been provided for separately under a life insurance policy naming them co-beneficiaries.

The will did not specifically provide for distribution of the funds on deposit in the two accounts.

We apply the "any evidence" standard of review of the trial court's denial of a motion for directed verdict, notwithstanding that the evidentiary burden at trial was that of "clear and convincing" evidence. *Myers v. Myers*, 195 Ga. App. 529 (5) (394 SE2d 374) (1990). The reason is that the jury decides the weight. So long as it is given the correct standard to measure the evidence by, the appellate court decides only if there was "any evidence" to which the jury could apply that standard. The correct standard was charged in this case.

Nevertheless, the record is replete with evidence which provides clear and convincing support to rebut the statutory presumption of appellant's survivorship rights to the jointly held funds. *Godwin v. Johnson*, 197 Ga. App. 829 (1) (399 SE2d 581) (1990); *Turner v. Mikell*, 195 Ga. App. 766 (2) (395 SE2d 20) (1990); *Banks v. Todd*, 184 Ga. App. 681, 683 (362 SE2d 410) (1987).

2. Appellant contends that in the absence of evidence of fraud a jury charge on constructive trust was unauthorized. However, "[a] constructive trust arises with respect to property the title to which was acquired by fraud, or where although acquired originally without fraud, is it against equity that the title should be retained by the one who holds it." *Kelly v. Johnston*, 258 Ga. 660, 661 (1) (373 SE2d 7) (1988). Fraud was not mentioned in the charge. The jury was properly instructed that a constructive trust would arise "where one party holds title to property which rightfully belongs to another."

*Judgment affirmed. Sognier, C. J., and Andrews, J., concur. Birdsong, P. J., not participating.*

DECIDED SEPTEMBER 11, 1992.

*Quirk & Ashenden, Neal J. Quirk*, for appellant.
*Jenkins, Nelson & Welch, William R. Jenkins*, for appellee.