A92A1811, A92A1812. HOPKINS et al. v. MOORE; and vice versa.
(427 SE2d 853)

COOPER, Judge.

Hopkins ("plaintiff") is the daughter of decedent and executrix of his estate, and Moore ("defendant") is decedent's adopted son. Plaintiff, as executrix of the estate and individually, brought an action against defendant to recover property allegedly belonging to the estate or to plaintiff individually. These cross-appeals are from a trial court order granting in part and denying in part defendant's motion for partial summary judgment.

Because this case is before us for review of a decision on defendant's summary judgment motion, we view the facts in a light most favorable to plaintiff as the non-moving party. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Prior to his death, decedent owned and operated a funeral home and a florist shop with defendant's assistance. Decedent's will provided, among other things, that one-half of the funeral home business be left to plaintiff, with the other half interest to be owned by defendant, and that the "remainder and residue" of the estate be left to plaintiff and two others. Decedent also had a certificate account worth approximately $52,000, which bank records show was owned by decedent and defendant as joint tenants with rights of survivorship. In 1988, decedent changed the account name to add plaintiff, but the signature card on which actual ownership of the account is based was not changed. In the portions of her complaint pertinent to these cross-appeals, plaintiff alleges that half of the funeral home belongs to the estate, to be distributed to her under the will (Count 2); that the flower shop is part of the "rest and residue" of the estate, to be distributed to her and two others (Count 4); and that part or all of the certificate account belongs either to the estate (Count 5) or to her individually (Count 8). Defendant takes the position that, despite decedent's will, he is the sole owner of the funeral home business and the land on which it sits based on a partnership agreement and a survivorship deed signed by decedent years earlier; that the florist shop is an integral part of the funeral home business wholly owned by him; and that the certificate account belongs to him alone as the surviving joint tenant. After discovery, defendant filed a motion for summary judgment on these four counts. The motion was granted as to Counts 2 and 8 but denied as to Counts 4 and 5. In Case No. A92A1811, plaintiff appeals the grant of summary judgment with respect to ownership of the funeral home and her individual right to part of the certificate account funds; and in Case No. A92A1812, defendant appeals the denial of summary judgment with respect to ownership of the florist shop and the estate's right to the certificate account.

## Case No. A92A1811

1. While conceding that defendant legally owns the land on which the funeral home is situated pursuant to a duly executed and recorded survivorship deed, plaintiff contends that defendant did not establish as a matter of law that decedent and defendant actually executed a partnership agreement which would render the disposition of a one-half interest in the ongoing funeral home business to plaintiff by decedent's will ineffective. Defendant placed in the record an unexecuted copy of a partnership agreement purportedly executed by the decedent and defendant, and paragraph 8 of that document states: "The partners hereto do further contract and agree that should either partner die during the time this partnership is in existence, then the remaining partner shall have the right and option to purchase the interest of the deceased partner for the sum of Seven Thousand ($7,000.00) Dollars payable to the personal representative of the deceased partner. Each partner by this agreement does bind his heirs and personal representative to accept the sum of Seven Thousand ($7,000.00) Dollars and to convey all interest in said partnership to the surviving partner." However, no executed copy of the agreement exists because the executed original and copy were allegedly burned in a fire in early 1990. Thus, defendant must rely on his own affidavit and that of the attorney who drafted the agreement — who is also his counsel in this case — as evidence that the agreement was in fact executed.

Plaintiff argues that the testimony of defendant and his counsel regarding execution of the agreement is inadmissible under the Dead Man's Statute because the alleged agreement occurred prior to July 1, 1979, and operates in defendant's favor and contrary to decedent's testamentary wishes. "Where any suit is instituted . . . by the personal representative of a deceased person, the opposite party shall not be admitted to testify in his own favor against the . . . deceased person as to transactions or communications with such . . . deceased person. . . ." Former Code Ann. § 38-1603 (1). See OCGA § 24-9-1 (abolishing Dead Man's Statute for transactions occurring on or after July 1, 1979, but providing for the continued applicability of the rule with respect to transactions occurring prior to that date). Thus, defendant is incompetent to testify regarding the transaction, and his affidavit must be disregarded on this question. *Wilson v. Nichols*, 253 Ga. 84, 85 (1) (316 SE2d 752) (1984). However, because defendant's current counsel was attorney for both decedent and defendant at the time of the alleged execution of the agreement between them, the trial court was correct in its conclusion that his testimony is not barred by former Code Ann. § 38-1603 (5), see *Whiddon v. Hall*, 155 Ga. 570 (1) (118 SE 347) (1923), and there is no evidence that defendant's coun-

sel has the type of financial interest in the litigation that would render his testimony inadmissible under former Code Ann. § 38-1603 (4). We are troubled by counsel's dual role as both advocate and witness and find ludicrous his suggestion that his testimony on this crucial issue goes only to "a matter of formality." See ABA Model Code DR 5-101 and 5-102. Yet we agree with the trial court's conclusion that this questionable activity on the part of counsel should not bar consideration of his testimony on motion for summary judgment, provided defendant and his counsel realize, as is stated in defendant's brief on appeal, that defendant's counsel cannot serve as advocate at trial should his testimony be needed there.

Although the trial court properly considered defense counsel's affidavit, it nonetheless erred in concluding that the affidavit warranted summary judgment. Plaintiff stated in her deposition that decedent told her there was no partnership agreement. Moreover, even if we assume arguendo that plaintiff's testimony is inadmissible, defense counsel's affidavit still does not negate any genuine issue of fact regarding execution of the partnership agreement under the circumstances of this case. See *Kirby v. Spivey*, 167 Ga. App. 751, 752 (2) (307 SE2d 538) (1983). In *Kirby*, we held that even though crucial testimony is not contradicted by any other witness, a genuine issue of fact may exist and summary judgment may be inappropriate if " 'there are circumstances inconsistent with the truth' " of that testimony. Id. at 754. " ' "Implications inconsistent with the testimony may arise from the proved facts; and in still other ways the question of what is the truth may remain as an issue of fact despite uncontradicted evidence in regard thereto." (Cit.)' [Cit.]" Id. In the instant case, it is undisputed that decedent, a lucid businessman, executed a will transferring property which was not his to transfer if the partnership agreement was in fact executed years earlier; and this proven fact gives rise to implications inconsistent with the testimony of defendant's counsel sufficient to raise a genuine issue of fact. The trial court therefore erred in granting summary judgment on Count 2.

2. In her second enumeration of error, plaintiff contends that the trial court erred in concluding no genuine issue of fact exists regarding her individual ownership of a least part of the certificate account. Acknowledging that she has no legal interest in the account because her name was not added to the signature card, she asserts that facts exist from which a resulting trust in her favor could be implied. See OCGA § 53-12-90 et seq.; see also OCGA § 53-12-3 (Georgia Trust Act, of which OCGA § 53-12-90 et seq. is part, applies to any trust regardless of when created). However, a resulting trust may only be implied for the benefit of the settlor, in this case decedent since all of the funds in the certificate account were deposited by him, or the settlor's successors in interest. See OCGA § 53-12-91. Thus, to the extent

a jury could find that decedent did not intend defendant to be the beneficial as well as legal owner of the entire account and thus imply a resulting trust, see id., the beneficiary of the resulting trust would be decedent's estate rather than plaintiff individually.

Plaintiff also argues that a constructive trust may be implied under OCGA § 53-12-93 because the certificate account was created with funds from the estate of decedent's sister which should have been distributed to plaintiff and other family members under the terms of the sister's will. There is no admissible evidence in the record to support this contention. Moreover, this argument is raised for the first time on appeal. Accordingly, it cannot and does not provide us with a basis for concluding that the trial court erred in granting summary judgment with respect to Count 8, and summary judgment as to that count is affirmed.

### Case No. A92A1812

3. Defendant argues that no genuine issue of fact remains as to his complete ownership of the florist shop (Count 4) because the florist shop is a part of the funeral home business and no genuine issue of fact remains as to his complete ownership of the funeral home business pursuant to the partnership agreement. In Division 1, we concluded that a question of fact does remain regarding execution of the partnership agreement, and thus regarding ownership of the funeral home business. Therefore, it follows that a question of fact also remains as to ownership of the florist shop, regardless of whether or not the florist shop is an integral part of the funeral home business, and the trial court's denial of defendant's motion for summary judgment on Count 4 was proper.

4. In his second enumeration of error, defendant contends that summary judgment should have been granted on Count 5 because no question of material fact exists with respect to ownership of the certificate account. "Sums remaining on deposit at the death of a party to a joint account belong to the surviving party or parties as against the estate of the decedent, unless there is clear and convincing evidence of a different intention at the time the account is created." OCGA § 7-1-813 (a). The certificate account in question was created in 1983 with decedent and defendant "as joint tenants with right of survivorship." However, this court has held that the statutory presumption of survivorship established by OCGA § 7-1-813 (a) may be rebutted even if the account documents expressly provide for the right of survivorship. *Turner v. Mikell*, 195 Ga. App. 766, 767 (2) (395 SE2d 20) (1990); *James v. Elder*, 186 Ga. App. 810 (368 SE2d 570) (1988). In this case, there is testimony from a family member that around the time decedent opened the account with the money from

his sister's estate, decedent assured him that the money from decedent's sister was "taken care of" and would eventually reach those it was intended to reach, as plaintiff would "do the right thing" with it. Although a close call, we agree with the trial court that, viewed in a light most favorable to plaintiff as the non-moving party, this testimony is sufficient to constitute "some evidence to overcome the presumption arising from OCGA § 7-1-813 (a)." *Myers v. Myers*, 195 Ga. App. 529, 531 (5) (394 SE2d 374) (1990). Thus, summary judgment on Count 5 was also properly denied.

*Judgment affirmed in part and reversed in part in Case No. A92A1811. Judgment affirmed in Case No. A92A1812. McMurray, P. J., and Blackburn, J., concur.*

DECIDED FEBRUARY 18, 1993.

*Black & Black, Eugene C. Black, Jr., Julian Webb*, for appellants.

*Kenneth L. Hornsby, Charles C. Stewart, Jr.*, for appellee.