A98A2239. BARTRAM ENVIRONMENTAL, INC. v. REHEIS et al.
(509 SE2d 114)

Judge Harold R. Banke.

Bartram Environmental, Inc. ("Bartram") appeals from a superior court order affirming the decision of an administrative law judge which upheld the State's denial of Bartram's application for a solid waste landfill permit. Greg A. Emmons, Ron Smith, and Citizens for a Better Jackson County, Inc. (hereinafter "Intervenors") opposed the issuance of a permit.[1]

The underlying case arose after Bartram applied to the Environmental Protection Division ("EPD") of the Georgia Department of

[1] The ALJ ordered that the Intervenors be made a party respondent.

Natural Resources for a solid waste handling permit for the construction and operation of a municipal landfill to be built on 402 acres in the City of Arcade ("City"). After extensive planning and expenditures, Bartram requested the City to hold the final public hearing mandated by OCGA § 12-8-24 (d). The City scheduled and advertised the hearing for November 6, 1996, at the Arcade City Hall at 7:00 p.m. In the meantime, the Intervenors sought injunctive relief against the City. On November 1, the trial court issued an order permanently enjoining the City from taking any actions regarding Bartram and the proposed landfill site. A few days later, David H. Flint, the attorney for both the City and for Bartram, confirmed with the court that the order enjoined the City from conducting the scheduled public hearing. As a result, the City canceled the public hearing which it had advertised for November 6.

It is undisputed that the EPD cannot issue a permit without (1) a public hearing held *by the governing authority* (of the county or city) in which the solid waste handling facility is to be located; (2) on a date not less than two weeks before the time the permit is to be issued; (3) with at least thirty days advance notice of such hearing posted at the proposed site; and (4) advertised in a newspaper of general circulation serving the county of the proposed activity. OCGA § 12-8-24 (d).

After verifying that the City was absolutely prohibited from holding the scheduled public hearing, Bartram leased the Arcade City Hall for the evening of November 6, 1996, and it conducted a hearing to discuss the proposed landfill. The transcript of that 20-minute hearing discloses that Pete Denicke, the president of Bartram, announced, "I will now call the *advertised public hearing* to order." (Emphasis supplied.) Denicke informed the attendees that "[i]n accordance with Section 12-8-24 Subsection (d) of the Georgia Comprehensive Solid Waste Management Act, as amended, notice of this public hearing was advertised in The Jackson Herald. . . ."

On November 8, 1996, Jerald Cohn, chairman of Bartram, directed a letter to the manager of the EPD's Commercial & Industrial Solid Waste Program. Bartram's letter to the EPD stated: "[e]nclosed is the certified transcript of the public hearing referred to in O.C.G.A. § 12-8-24 (d) held on Wednesday, November 6, 1996, at the Arcade City Hall. The proposed site was posted with a sign and the hearing was advertised and authorized by the City of Arcade. (See enclosed.) However, in a recent ruling by Judge Robert W. Adamson of the Piedmont Judicial Circuit, the Arcade City Council was prevented from being present at this hearing. Therefore, Bartram Environmental conducted the public hearing. We believe that this process meets the requirements of the Georgia Comprehensive Solid Waste Management Act of 1990 as amended. If you have any

questions, please do not hesitate to contact me."[2]

On December 3, 1996, Harold F. Reheis, the Director, EPD, Georgia Department of Natural Resources, notified Bartram that on advice of counsel the EPD would refrain from further processing of Bartram's application until resolution of the Intervenors' suit. *City of Arcade v. Emmons*, 228 Ga. App. 879 (494 SE2d 186) (1997).

In late November, the trial court heard evidence to determine whether the circumstances surrounding the City Hall meeting conducted by Bartram constituted contempt of its order enjoining the City. The court made a specific finding that "there was an effort by Bartram to mislead the EPD by the representations regarding the meeting set forth [in the November 8 letter and its attachments from Bartram to the EPD]. The purpose of that misrepresentation was to procure final action on the subject permit by EPD." The trial court directed the City to purge itself of contempt by sending an official letter to the Director of the EPD bearing the signatures of the mayor and councilpersons, advising the Director that Bartram's November 8 letter misrepresented the advertising and authorization by the City and that "anything purporting to be a hearing on November 6, 1996, was not, in fact, a hearing authorized or otherwise allowed by the City." It is undisputed that Bartram did not inform the EPD of this order. The City appealed, and over a year later, this Court invalidated the order on jurisdictional grounds. *Emmons*, 228 Ga. App. at 886 (4).

To comply with the court's directive, on December 6, 1996, the City sent a letter to the Director which stated that Bartram's November 8 letter to the EPD misrepresented both the advertising and authorization by the City. On January 8, 1997, counsel for Intervenors wrote the Director to inform him about the underlying facts related to the November 6, 1996 hearing. In late January, the Intervenors and certain local legislators met at the State Capitol with the Director to express their concerns about alleged misrepresentations related to the proposed landfill.

After consulting with the Attorney General, the Director informed Bartram in a February 11, 1997 letter that under the authority granted to him under OCGA § 12-8-23.1 (a) (3) (B) (ii), he was refusing to issue the permit as a result of Bartram's attempt to obtain the permit by misrepresentation or concealment. Bartram appealed the Director's decision to an ALJ under OCGA § 12-2-2 (c) (2).

---

[2] Enclosed with the letter were a certified copy of the notice of public hearing, published October 2, 1996; a certified copy of the transcript of the public hearing held on November 6, 1996; photos of a sign posted on the site advertising the public hearing; photos taken at the hearing; and a copy of the superior court order from November 1, 1996.

The ALJ conducted an evidentiary hearing and determined that the Director's action was justified. The ALJ found that Bartram attempted to show compliance with OCGA § 12-8-24 (d) by insinuating to the EPD that the public hearing as required by that law had occurred, when, in fact, the governing authority, the City, had been enjoined from holding that hearing. Further, Bartram's letter of November 8 was found to contain material inaccuracies: (1) that on November 6, the "public hearing referred to in O.C.G.A. § 12-8-24 (d)" had taken place; and (2) that the November 6 hearing was "the hearing [that] was advertised and *authorized by* the *City* of *Arcade*." In affirming the Director's decision, the ALJ determined that "through a combination of misrepresentations and concealment, [Bartram] attempted to obtain a permit from the Director. The evidence to that effect being clear and convincing, the Director was authorized to refuse to grant a permit to [Bartram]."

Bartram then unsuccessfully appealed the ALJ's final decision to the Superior Court of Fulton County. Enumerating three errors, Bartram appeals the superior court's affirmance of the decision of the ALJ. *Held*:

1. The trial court did not apply an incorrect standard of review to the factual findings of the ALJ. Without question, both the Director and the ALJ were required to find that the factual evidence of misrepresentation and concealment satisfied the clear and convincing evidence standard.[3] *Williamson v. Echols*, 205 Ga. App. 453, 455 (1) (422 SE2d 329) (1992). Nevertheless, review by a superior court of an administrative agency decision under OCGA § 50-13-19 (h) (5) is restricted to an "any evidence" standard. *Emory Univ. v. Levitas*, 260 Ga. 894, 898 (1) (401 SE2d 691) (1991); *Commr. of Ins. v. Stryker*, 218 Ga. App. 716, 717 (1) (463 SE2d 163) (1995).

2. The trial court did not err in upholding the decision of the ALJ. Notwithstanding Bartram's claim to the contrary, the Director's decision did not lack clear and convincing evidence that Bartram attempted to obtain the permit by misrepresentation or concealment. The required public hearing must be conducted by a "governing authority" not a private entity. The City did not and could not authorize Bartram to act on its behalf and had been permanently enjoined from holding the public hearing it had advertised. The misleading statements uttered by Bartram at the hearing, Bartram's conduct in submitting the November 8 letter which contained misleading statements, as well as its submission of a so-called "certified copy of the transcript of the public hearing" and the other exhibits relating to

---

[3] OCGA § 12-8-23.1 (a) (3) (B) (ii) authorizes the Director to deny a permit "if the director finds by clear and convincing evidence that the applicant for a permit . . . has obtained or attempted to obtain the permit by misrepresentation or concealment."

advertisement of the hearing and the sign posting, constitute clear and convincing evidence of misrepresentation or concealment justifying the ALJ's decision. See *Flowers v. Ga. Real Estate Comm.*, 141 Ga. App. 105 (1) (232 SE2d 586) (1977).

3. Bartram contends that the trial court erred in ruling that its rights to due process were not implicated since Bartram could not "demonstrate the requisite claim of entitlement to a legitimate property interest." Bartram asserts that it was prejudiced by the Director's denial of its permit application which it claims the Director based on ex parte communications and political meetings. Bartram alleges that it was never afforded an opportunity to rebut inaccurate information provided to the Director.

Pretermitting any consideration of the nature of the inchoate property interest asserted here, we find that Bartram was afforded due process. See, e.g., *Recycle & Recover v. Ga. Bd. of Nat. Resources*, 266 Ga. 253, 254 (2) (466 SE2d 197) (1996). "Due process requires that the scheme for granting or denying permits provide objective criteria to control the issuing authority's discretion and notice of the criteria for issuing or granting a permit. [Cit.]" *Quetgles v. City of Columbus*, 268 Ga. 619, 622 (4) (491 SE2d 778) (1997).

Without question, Bartram submitted a deficient application which failed to comply with the objective statutory criteria mandating a public hearing be held by the governing authority. OCGA § 12-8-24 (d). See *Grove v. Sugar Hill Investment Assoc.*, 219 Ga. App. 781, 785 (2) (466 SE2d 901) (1996) (implicit purpose of having hearings is to assure public officials' accountability and to "promote reasoned decisions . . . after public discussion"); see *Gouge v. City of Snellville*, 249 Ga. 91, 94 (3) (287 SE2d 539) (1982). Further, after the Director denied its application, Bartram had notice and a full opportunity to respond to that decision at the de novo evidentiary hearing conducted by the ALJ. *Goldrush II v. City of Marietta*, 267 Ga. 683, 694 (6) (482 SE2d 347) (1997). This is all that due process requires. Id.

*Judgment affirmed. Johnson, P. J., and Smith, J., concur.*

DECIDED NOVEMBER 10, 1998.

*Schreeder, Wheeler & Flint, David H. Flint, Mark W. Forsling*, for appellant.

*Thurbert E. Baker, Attorney General, Robert S. Bomar, Senior Assistant Attorney General, John E. Hennelly, Isaac Byrd, Assistant Attorneys General, Decker & Hallman, F. Edwin Hallman, Jr., David*

C. Moss, for appellees.
Scott R. Tolbert, Ernest Depascale, Jr., amici curiae.