A02A0319. BUICE v. BUICE.
(566 SE2d 421)

ANDREWS, Presiding Judge.

Pursuant to this Court's grant of an interlocutory appeal, Allen Buice appeals from the trial court's denial of his motion for summary judgment in this conversion action filed by Glenda Buice, executrix of

the estate (Executrix) of Mrs. D. E. Buice (decedent). Executrix contends that Allen Buice improperly converted funds contained in several accounts at NationsBank.

In reviewing the grant or denial of summary judgment, we apply a de novo standard of review and consider the evidence with all reasonable inferences therefrom in favor of the party opposing summary judgment. *Goring v. Martinez*, 224 Ga. App. 137, 138 (2) (479 SE2d 432) (1996).

So viewed, the evidence was that Mrs. Buice and her husband executed wills in 1991.[1] Mr. Buice died in 1994, and Mrs. Buice then lived with her son David and his wife Dorothy from January 1995 until July 1996 when David died. While living with David and Dorothy, Mrs. Buice had given Dorothy her power of attorney in March 1995 solely for the purpose of selling the family home. Dorothy was also on several bank accounts with Mrs. Buice while Mrs. Buice resided with her and David.

After David's death, Mrs. Buice moved in with her son Allen Buice and his wife Sarah in July 1996. On August 22, 1996, Mrs. Buice and Allen went to the bank where Mrs. Buice closed her existing savings and checking accounts and opened a money market joint savings account and a joint checking account in her and Allen's names. On September 30, Mrs. Buice executed a modification agreement adding Allen's name to the certificate of deposit then in her and Dorothy's names. On December 6, 1996, Mrs. Buice executed a second modification, removing Dorothy's name from this CD. Also, on September 30, Mrs. Buice added Allen's name to three other CDs. According to the bank manager, NationsBank provided its customers with a Deposit Agreement and Disclosures pamphlet which stated that joint accounts were owned by the parties listed on said accounts as joint tenants with right of survivorship and not as tenants in common and upon the death of either party listed on the accounts, the remaining deposits were payable to the surviving party.

> The law in Georgia is clear that "sums remaining on deposit at the death of a party to a joint account belong to the surviving party or parties as against the estate of the decedent, *unless there is clear and convincing evidence of a different intention at the time the account is created.*" OCGA § 7-1-813 (a). See also *Godwin v. Johnson*, 197 Ga. App. 829, 830 (1)

[1] Mr. Buice's will left his estate to Mrs. Buice, and her will provided that, if Mr. Buice preceded her in death, Mrs. Buice's estate would be divided equally among her sons Allen and Bobby, her daughter-in-law Dorothy, and her grandson Gallimore.

(399 SE2d 581) (1990) (OCGA § 7-1-813 (a) applied equally to certificates of deposit).

(Emphasis supplied.) *Jordan v. Stephens*, 221 Ga. App. 8-9 (1) (470 SE2d 733) (1996).

The evidence relied upon by Executrix consists of alleged statements made by Mrs. Buice to the effect that she wanted her "property" to be distributed according to her will. These statements, however, were made in April 1997, several months after Mrs. Buice made the changes to the accounts involved. Executrix acknowledged that she had no idea of Mrs. Buice's intent on the three dates when she made the changes at the bank, which are the critical dates. *Willig v. Shelnutt*, 224 Ga. App. 530, 532 (1) (480 SE2d 924) (1997). In fact, Executrix admitted that, until shortly before she filed this suit, she was unaware that the accounts were joint.

These statements are hearsay and do not come within any hearsay exception. *Urban v. Lemley*, 232 Ga. App. 259, 260 (1) (501 SE2d 529) (1998), citing *Chrysler Motors Corp. v. Davis*, 226 Ga. 221, 224-225 (173 SE2d 691) (1970). Hearsay proving nothing, Executrix may not rely on these statements as the required clear and convincing evidence necessary to overcome the statutory presumption. *Urban*, supra; *Willig*, supra. Also, since the accounts at issue were opened in 1996, the 1991 will obviously makes no mention of them and therefore lends support to the statutory presumption. *Parker v. Peavey*, 198 Ga. App. 694, 696 (2) (403 SE2d 213) (1991); *Nowlin v. Parker*, 183 Ga. App. 137, 139 (358 SE2d 258) (1987); *Collins v. Collins*, 176 Ga. App. 79, 80 (335 SE2d 307) (1985).

Executrix also relies on the fact that Mrs. Buice had joint accounts with Dorothy while living with her, but only for the purpose of assisting Mrs. Buice in the sale of her house and conducting other personal business. Again, that Mrs. Buice previously had other arrangements with another relative proves nothing with regard to her intent in 1996 when she opened the joint accounts with Allen Buice. *Willig*, supra.

Allen Buice was entitled to summary judgment as to conversion of the funds.[2]

*Judgment reversed. Phipps and Mikell, JJ., concur.*

---

[2] Remaining below for resolution is Executrix's claim regarding certain personalty of Mrs. Buice which was not included in this appeal.

DECIDED JUNE 10, 2002.

*Renehan & Moody, Edward G. Renehan, David A. Webster*, for appellant.

*Vallerina F. Day*, for appellee.