## A06A0504. GRAY v. BENTON.
### (634 SE2d 86)

MILLER, Judge.

Betty Ann Beecroft Gray, as executrix of the estate of Fred William Beecroft, Jr., sued Cathy Ann Beecroft Benton in the Superior Court of Gwinnett County for conversion of the estate's assets. The trial court granted summary judgment to Benton and denied summary judgment to Gray. Gray appeals. For the reasons set forth below, we reverse the trial court's grant of Benton's motion for summary judgment and we affirm the trial court's denial of Gray's motion for summary judgment.

"On appeal from the grant of summary judgment[,] this Court conducts a de novo review of the evidence to determine whether there is a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law." (Citations omitted.) *Youngblood v. Gwinnett Rockdale Newton Community Svc. Bd.,* 273 Ga. 715, 717-718 (4) (545 SE2d 875) (2001).

So viewed, the evidence shows that Gray and Benton were half-sisters, and Beecroft was their father. During Beecroft's lifetime, he maintained a savings account and a checking account with the Delta Employees Credit Union. Beecroft added Gray to his accounts so she could take over his finances. Gray was subsequently advised by a bank employee that another family member should be added to the accounts so that if something should happen to Gray, another person would be there to take care of Beecroft.

On April 30, 2000, Benton, Gray, and their father signed the signature card adding Gray and Benton as joint owners to the accounts at a meeting at a McDonald's restaurant. According to Benton, Gray told her at the meeting "that we were setting up the account, that [Gray] wanted . . . both of us on here for, obviously, the purpose of taking care of [Beecroft]. . . . And since we were both . . . [his] children, we would both be on the account." Benton also deposed that during the meeting "[i]t was said that we would both be on the account because we were both [Beecroft's] daughters, and to . . . obviously help with his finances . . . whatever his needs were." Benton did not recall any conversation with her father about the money in the accounts and who it belonged to. Similarly, Gray also admitted that

she never heard her father say anything "one way or the other" about why Benton was added to the accounts.

Beecroft moved into an assisted living facility in May 2000. He died testate on July 2, 2002, and Gray was appointed the executor of the estate. Benton had no dealings with the accounts while Beecroft was alive; she had one check for the checking account, which she did not use, and she did not have the passbook from the savings account. Approximately two weeks after Beecroft's death, Benton withdrew one-half of the monies remaining in the accounts. Gray then brought this conversion action against Benton on behalf of the estate.

"Sums remaining on deposit at the death of a party to a joint account belong to the surviving party or parties as against the estate of the decedent, *unless there is clear and convincing evidence of a different intention at the time the account is created.*" (Emphasis supplied.) OCGA § 7-1-813 (a). Accordingly, the depositor's actual intent is controlling. See *Banks v. Todd,* 184 Ga. App. 681, 684 (362 SE2d 410) (1987) (summary judgment was erroneous where evidence of a contrary intent existed to rebut the statutory presumption of the depositor's intent). If the depositor does not intend to make a gift of the money in the joint account, but to establish the joint account for his convenience, the funds belong to the estate upon the depositor's death. *James v. Elder,* 186 Ga. App. 810, 811-812 (368 SE2d 570) (1988).

In this case, evidence supports the conclusion that Beecroft established the joint account with Gray so that Gray could handle his finances. Thus there is some evidence that Beecroft's purpose in establishing a joint account was for his convenience, and not to effect a gift. See *Turner v. Mikell,* 195 Ga. App. 766, 767 (2) (395 SE2d 20) (1990). While Beecroft did not specifically express his intent in also adding Benton as joint owner, his silence was not inconsistent with the evidence supporting the conclusion that the initial purpose of establishing the account remained the same — to have a joint account established for his convenience. Furthermore, Benton can point to nothing in the record to show that Beecroft intended to make a gift to her. To the contrary, Beecroft was present and said nothing when Gray told Benton, at the signing of the signature card, that the joint accounts were for "the purpose of taking care of [our] dad."

In light of the foregoing, a jury could find that Beecroft established the joint accounts for his convenience and did not intend to make a gift to Benton. The trial court therefore erred in granting summary judgment to Benton.[1] See *Godwin v. Johnson,* 197 Ga. App.

---

[1] Benton's request that we impose sanctions for a frivolous appeal is denied.

829, 831 (1) (399 SE2d 581) (1990) (summary judgment was improperly granted because the decedent's intent regarding the joint accounts required weighing of the conflicting evidence by the trier of fact). Compare *Buice v. Buice*, 255 Ga. App. 699, 701 (566 SE2d 421) (2002) (appellant was entitled to summary judgment on estate's conversion claim where there was no evidence to rebut the statutory presumption of the decedent's intent in adding appellant's name to the joint accounts). Since there remain material issues of fact, the trial court did not err in denying Gray's motion for summary judgment.

*Judgment affirmed in part and reversed in part. Johnson, P. J., and Ellington, J., concur.*

DECIDED JUNE 19, 2006 —
RECONSIDERATION DENIED JULY 10, 2006 

*Barron & Barron, George L. Barron, Jr., Garlan B. Furin,* for appellant.

*John O. Moore,* for appellee.